UNITED STATES COURT OF APPEALS

**Filed 1/7/97**

FOR THE TENTH CIRCUIT

RITA P. DANNENBERG,

      Plaintiff-Appellant,

v.

SHIRLEY S. CHATER, Commissioner
of Social Security Administration,

      Defendant-Appellee.

No. 95-6312
(D.C. No. CIV-94-1261-W)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before TACHA, EBEL, and BRISCOE, Circuit Judges.

      After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff appeals the district court's order affirming the Secretary's[1] denial of plaintiff's application for supplemental security income. The Secretary concluded that plaintiff could perform her past relevant work despite her impairments and, therefore, denied benefits at step four of the sequential analysis. See generally Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing sequential analysis).

On appeal, plaintiff argues that the Secretary failed to give proper weight to the opinions of plaintiff's treating physicians and that, when properly evaluated, the medical evidence establishes that plaintiff cannot return to her past relevant work. "The scope of our review, however, is limited to the issues the claimant properly preserves in the district court and adequately presents on appeal[.]" Berna v. Chater, 101 F.3d 631, 632 (10th Cir. 1996). In the district court, this case was referred to a magistrate judge for a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1). At the conclusion of his report recommending that the Secretary's decision be affirmed, the magistrate judge advised plaintiff that "failure to make timely objection to this Report and Recommendation waives [plaintiff's] right to appellate review of both factual and legal questions. Moore

---

[1] Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Although the caption reflects that the Commissioner is now the proper party, we continue to refer to the Secretary in the text because she was the appropriate party at the time of the underlying decision.

v. United States of America, 950 F.2d 656 (10th Cir. 1991)." Appellant's App., Vol. I at 17. Despite this warning, plaintiff did not file any objections to the magistrate's report and recommendation, which the district court subsequently adopted.

"[W]e, like numerous other circuits, have adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.'" United States v. One Parcel of Real Property, 73 F.3d 1057, 1059 (10th Cir.) (quoting Moore, 950 F.2d at 659), cert. denied, 117 S. Ct. 271 (1996). Plaintiff contends that we should make an exception to the waiver rule in this instance, however, because this case involves the denial of social security benefits and because the district court's order states that the court reviewed the record de novo before adopting the magistrate judge's report and recommendation. We are not persuaded by either of these contentions.

First, we have previously applied a variety of general waiver principles to social security cases, see generally Berna, 101 F.3d at 632-33, including the principle that the failure to file a proper objection to the magistrate judge's report waives appellate review, see Soliz v. Chater, 82 F.3d 373, 375-76 (10th Cir. 1996). Second, to preserve the important policies underlying the waiver rule, we have declined to suspend its application to a party who fails to file a proper

objection to the magistrate judge's report, even when the district court has reviewed the record de novo, see One Parcel of Real Property, 73 F.3d at 1060-61.

Accordingly, we conclude that plaintiff waived appellate review of her challenges to the Secretary's denial of benefits by failing to file objections to the magistrate judge's report and recommendation. The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.

Entered for the Court


Deanell Reece Tacha
Circuit Judge