**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 11 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

MICHAEL BLACK,

      Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,[*]

      Defendant-Appellee.

No. 97-5044
(D.C. No. 95-CV-633-M)
(N.D. Okla.)

---

ORDER AND JUDGMENT[**]

---

Before KELLY, McKAY, and BRISCOE, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

[*]    Pursuant to Fed. R. App. P. 43(c), Kenneth S. Apfel is substituted for Shirley S. Chater, former Commissioner of the Social Security Administration, as the defendant-appellee in this action.

[**]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Plaintiff appeals from an order of the magistrate judge[1] affirming the denial of social security disability benefits at step four of the controlling analysis.  See generally Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988).  The administrative law judge found that degenerative disc disease leaves plaintiff with a residual functional capacity (RFC) for medium work, limited by depression to simple tasks not involving the public.  Assisted by expert testimony on pertinent vocational requirements, the ALJ concluded plaintiff could return to past work as a foundry laborer.  We review this decision to determine whether it is supported by substantial evidence and adheres to applicable legal standards.  See Berna v. Chater, 101 F.3d 631, 632 (10th Cir. 1996).  The scope of our review, however, is limited to the issues properly preserved and presented on appeal.  See id.  Plaintiff challenges the sufficiency of the evidence in several respects.  We hold these objections lack merit and, accordingly, affirm.

Citing medical records and his own testimony, plaintiff disputes the ALJ's finding that he can satisfy the lifting demands of medium work.  However, the medical evidence establishes only the *existence* of degenerative disc disease--a

---

[1]     Pursuant to 28 U.S.C. § 636(c)(1), the parties consented to proceed before the magistrate judge.  Accordingly, our jurisdiction arises under § 636(c)(3) and 28 U.S.C. § 1291.

fact the ALJ accepted--it does not contradict the dispositive conclusion that plaintiff's consequent limitations are, at present, consistent with the ability to do medium work.[2]  As for plaintiff's assertions of back pain, the ALJ discounted his credibility for sufficient reasons adequately explained in his decision, see R. II at 20-21, to which we therefore defer.  See Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995).  Plaintiff's associated objection that the ALJ incorrectly found no medicinal side effects is unsubstantiated; from the record, it appears that the cited medications are either no longer used, compare Appellant's Br. at 28 with R. II at 114, or, as with the Elavil that makes plaintiff sleepy *at bedtime* when he takes it, see id. at 299, vocationally innocuous.

We also see no reason to disturb the ALJ's findings regarding plaintiff's mental impairment.  The ALJ completed a Psychiatric Review Technique (PRT) consistent with the record, in particular with a PRT prepared and reaffirmed by psychological professionals in September 1992 and April 1993, respectively.  He

---

[2]     We note this is not a step-five case, where the Commissioner must show the claimant's RFC meets the level required for work performance--and where, as a corollary, the ALJ cannot base a finding of nondisability "on the absence of contraindication in the medical records."  Thompson v. Sullivan, 987 F.2d 1482, 1491 (10th Cir. 1993) ("The ALJ's reliance on [the absence of evidence] effectively shifts the [step-five] burden back to the claimant.").  Rather, here it is plaintiff's burden "to show that h[is] impairment renders h[im] unable to perform [past] work," Henrie v. United States Dep't of Health & Human Servs., 13 F.3d 359, 360 (10th Cir. 1993), i.e., to establish that his RFC is below the medium level required by his past work as a foundry laborer.

then determined, through expert vocational testimony, that plaintiff's past work as a foundry laborer would accommodate his identified need for simple tasks and isolation from the general public.

Plaintiff notes these PRTs also recognized, as "often" present, a functional limitation designated "deficiencies of concentration, persistence, or pace resulting in failure to complete tasks in a timely manner," id. at 26, 77, and contends this inability to complete assigned tasks punctually is a significant impediment not accounted for by the ALJ.[3] Though facially compelling, this argument relies on a tacit assumption unsupported by the record. Specifically, it assumes that the noted deficiency applies indiscriminately to all occupations, however complex or simple their demands on the worker--which is implausible as a matter of common experience and, more importantly, inconsistent with the opinions of the same professionals who completed the operative PRT.

The PRT form does not provide an informative breakdown of constituent work-related deficiencies encompassed within the broad designation quoted above. Fortunately, the "Mental Residual Functional Capacity Assessment" (MRFC) accompanying the PRT prepared in this case does just that, specifying

---

[3] In association with this difficulty in concentration, the PRTs acknowledge a general loss of interest. To the extent this symptom has a bearing on work capacity, it is properly accounted for in the same manner as the concentration problem discussed above.

eight factors relating to "sustained concentration and persistence." Id. at 66-67. This MRFC indicates that plaintiff's only (moderate) limitation in this regard is the ability to carry out detailed instructions. Id. So long as the work remains fairly simple, plaintiff is *not* significantly limited with respect to his ability to maintain attention and concentration, perform routine or scheduled tasks in regular and timely fashion without special supervision, work in coordination with or alongside others, make simple work-related decisions, or, most tellingly, "complete workday and workweek without interruptions from psychologically based symptoms and . . . perform at a consistent pace without an unreasonable number and length of rest periods." Id. (also noting, consistent with low PRT assessment on plaintiff's social functioning, markedly limited ability to interact appropriately with general public). In light of the elaboration provided by the MRFC, the ALJ properly confined his consideration of psychological limitations to simple, nonpublic work.

Plaintiff contends another PRT, prepared after the ALJ's decision and submitted to the Appeals Council, sufficiently altered the evidentiary balance that the case should have been remanded for further consideration by the ALJ. However, the Appeals Council discounted the new PRT because the preparing physician "did not provide sufficient objective documentation to support his findings," and, accordingly, affirmed the denial of benefits on the basis of the

-5-

existing record assessed by the ALJ.  Id. at 6.  Plaintiff, who misstates that the Appeals Council "*assented to* [the new] P.R.T. in that the Appeals Council did not prepare it's [sic] own P.R.T. form," Appellant's Br. at 35 (emphasis added), fails to acknowledge, much less specifically challenge, the stated basis for the Appeals Council's determination.  We discern no exceptional circumstances compelling our sua sponte reconsideration of the matter.  See Berna, 101 F.3d at 632-633 (following appellate waiver rule recognized in Murrell v. Shalala, 43 F.3d 1388, 1389-90 (10th Cir. 1994)).

Finally, plaintiff objects that the ALJ did not question the vocational expert specifically about the significance of his scores on "global assessment of functioning" indices.  The ALJ properly left the interpretation and evaluation of such psychological data to the psychological professionals.

The judgment of the district court is AFFIRMED.


Entered for the Court


Mary Beck Briscoe
Circuit Judge

-6-