**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 18 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

TERRI SCHOFIELD, for Jessica
Schofield, minor child,

      Plaintiff-Appellant,

v.

JOHN J. CALLAHAN, Acting
Commissioner, Social Security
Administration,[*]

      Defendant-Appellee.

No. 96-6365
(D.C. No. CIV-94-1179-L)
(W.D. Okla.)

ORDER AND JUDGMENT[**]

Before EBEL, HENRY, and MURPHY, Circuit Judges.

---

[*]     Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. John J. Callahan was appointed Acting Commissioner of Social Security, effective March 1, 1997. Pursuant to Fed. R. App. P. 43(c), John J. Callahan is substituted for Shirley S. Chater as the defendant in this action. Although we have substituted the Acting Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying agency decision.

[**]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Claimant Terri Schofield appeals from the district court's order affirming the decision of the Secretary of Health & Human Services denying Child's Supplemental Security Income Benefits under Title XVI of the Social Security Act. Claimant applied for benefits in 1992 on behalf of her daughter, Jessica Schofield, alleging that Jessica was disabled due to Duane's syndrome in her left eye. Claimant's requests for benefits were denied administratively and upon reconsideration.

A hearing before an administrative law judge (ALJ) resulted in a decision concluding that claimant's daughter was not disabled. Agency regulations establish an analysis to evaluate children's disability claims. 20 C.F.R. § 416.924. In this case, the ALJ concluded that claimant's daughter's impairment was not severe and, therefore, not disabling under the Social Security Act. The Appeals Council denied review, and claimant filed suit in federal district court. The magistrate judge recommended affirming the agency's decision and, after claimant filed objections, the district court agreed, adopting the magistrate judge's report and recommendation.

On appeal, claimant organizes her arguments into three larger issues. After careful review of the arguments on appeal and the issues presented to the district court and preserved by objection to the magistrate judge's report and recommendation, we conclude that the majority of claimant's arguments were not raised or preserved below. Counsel's statement that all of the arguments raised on appeal were raised and preserved below is a blatant mischaracterization of the record. We have warned counsel previously about such misleading statements, see Blackmon v. Chater, No. 96-5194, 1997 WL 85196, at **1 (10th Cir. Feb. 28, 1997) (unpublished order and judgment), and repeat that admonishment here. Continued misrepresentations of this kind may lead to sanctions. We do not review arguments presented for the first time on appeal, and counsel has given us no reason to depart from our general rule. See Crow v. Shalala, 40 F.3d 323, 324 (10th Cir. 1994).

The issues argued on appeal which are preserved for appellate review are: 1) the ALJ erred by failing to order a consultative exam to determine the extent and nature of claimant's daughter's impairment; 2) the ALJ failed to adequately develop the record because he did not ask enough questions about claimant's daughter's alleged impairment and treatment; and 3) claimant's waiver of counsel was ineffective because she was not properly informed of her right to counsel.

Our jurisdiction over this appeal arises from 28 U.S.C. § 1291. "We review the district court's decision de novo and therefore must independently determine whether the [agency's] decision (1) is free of legal error and (2) is supported by substantial evidence." Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996). The substantive standard for evaluating children's disability claims has been recently amended, and now states:

> An individual under the age of 18 shall be considered disabled . . . if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 1382c(a)(3)(C).[1]

After consideration of the preserved issues under the above standards, we conclude that the district court correctly decided this case. The magistrate judge concurred with the ALJ's decision that claimaint's daughter did not have a severe impairment, stating that nothing in the record supported claimant's contentions that her daughter's impairment resulted in more than minimal functional limitations. The magistrate judge further determined that the ALJ satisfied his

---

[1] This standard was enacted as part of the Personal Responsibility and Work Opportunity Act, Pub. L. No. 104-193, 110 Stat. 2105 (1996). Section 211(d)(1) of the Act, reprinted in the notes attached to 42 U.S.C.A. § 1382c, states that the new standard applies to all cases which have not been finally adjudicated as of the effective date of the Act, August 22, 1996, including those cases in which a request for judicial review is pending.

heightened duty to develop the record where the claimant proceeded pro se, and did not err in failing to order a consultative exam. Finally, the magistrate judge concluded that claimant's waiver of counsel was effective and did not result in prejudice. For substantially the same reasons as those contained in the magistrate judge's report and recommendation dated November 24, 1995, as adopted by the district court in its order dated August 20, 1996, the judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.

Entered for the Court

Robert H. Henry
Circuit Judge