**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 21 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

CAROLYN McKEE,

      Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,   *

      Defendant-Appellee.

No. 98-7008
(D.C. No. 96-CV-592-S)
(E.D. Okla.)

---

**ORDER AND JUDGMENT**  **

---

Before **BRORBY, McKAY,** and **BRISCOE** , Circuit Judges.

---

     After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

\*     Pursuant to Fed. R. App. P. 43(c), Kenneth S. Apfel is substituted for
John J. Callahan, former Acting Commissioner of Social Security, as the
defendant in this action.

\*\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Claimant Carolyn McKee appeals from the district court's order adopting the recommendation of the magistrate judge affirming the Commissioner of Social Security's denial of her application for Social Security disability insurance benefits.  Claimant, a forty-five-year-old woman with a high school education and some college, claims disability from August 1986 due to back, neck, and arm pain, depression, anxiety, headaches, loss of memory, and a growth on her left thumb.

Claimant filed an application for benefits on August 15, 1994, which was denied initially and on reconsideration.  Claimant requested and received a hearing before an administrative law judge (ALJ) on September 7, 1995.  After hearing testimony from claimant and a vocational expert, the ALJ determined that claimant was unable to return to her past relevant work as a paper press operator or a production machine operator.  The ALJ found at step five of the five-step evaluation sequence,   see Williams v. Bowen  , 844 F.2d 748, 750-51 (10th Cir. 1988), that claimant retained the residual functional capacity to perform the full range of light work except for lifting or carrying more than twenty pounds occasionally and ten pounds frequently and repetitive reaching with the arms or bending with the neck.  The Appeals Council denied claimant's request for

review, and the ALJ's decision became the final decision of the Commissioner. See 20 C.F.R. § 404.981. Claimant appealed the ALJ's decision, and the district court affirmed. This appeal followed.

Our review of the Commissioner's decision is limited to determining whether the decision is supported by substantial evidence and whether the Commissioner applied correct legal standards. See Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994). "To find that the [Commissioner's] decision is supported by substantial evidence, there must be sufficient relevant evidence in the record that a reasonable person might deem adequate to support the ultimate conclusion." Bernal v. Bowen, 851 F.2d 297, 299 (10th Cir. 1988). We may neither reweigh the evidence nor substitute our judgment for that of the Commissioner. See id.

On appeal, claimant asserts that the ALJ erred (1) in determining that she retained the residual functional capacity to perform less than a full range of light and sedentary work, (2) in failing to give substantial weight to the opinions of her treating physicians, and (3) in finding that her mental impairments were not severe. We conclude that the record contains substantial evidence supporting the ALJ's denial of benefits in this case, and we affirm the district court's decision.

Broadly, claimant asserts that the ALJ's determination that claimant was capable of a full range of light work except for certain limitations was not

supported by substantial evidence. Specifically, claimant argues that the ALJ's reliance on the opinion of Dr. Ronald D. Anderson, a chiropractor, that claimant "would benefit from rehabilitative training for a career that would not require repetitive movements of her arms or head or lifting of over 20 pounds repetitively," R. Vol. II at 209, was incorrect because claimant had not been rehabilitated. Claimant further argues that the ALJ did not comply with the requirements of Social Security Ruling 96-9p and did not properly evaluate claimant's assertions of disabling pain. Claimant did not raise these arguments to the magistrate judge. Because our scope of review is limited to those arguments properly preserved and presented in the district court, these arguments, raised for the first time in claimant's objections to the magistrate judge's findings and recommendations, are deemed waived. [1] See Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996); see also Crow v. Shalala, 40 F.3d 323, 324 (10th Cir.

_____

[1] We note that this court has repeatedly warned counsel about his misleading representations to this court that the arguments made on appeal were properly presented to the district court. See Schofield v. Callahan, No. 96-6365, 1997 WL 334960, at **1 (10th Cir. June 18, 1997) (unpublished order and judgment); Blackmon v. Chater, No. 96-5194, 1997 WL 85196, at **1 (10th Cir. Feb. 28, 1997) (unpublished order and judgment). After careful comparison of claimant's arguments on appeal with counsel's representations of where these arguments were presented to the district court, we find, as we have before, that counsel "blatant[ly] mischaracteriz[es]" the record. Blackmon, 1997 WL 85196 at **1. We repeat our warning anew, and once again advise counsel that continued misrepresentations of this kind may result in sanctions.

1994) ("Absent compelling reasons, we do not consider arguments that were not presented to the district court.").

Next, claimant argues that the ALJ did not give substantial weight to the opinions of her treating physicians. Social Security regulations define a treating physician as a

> physician . . . who has provided [claimant] with medical treatment or evaluation and who has or has had an ongoing treatment relationship with [claimant]. . . . [A]n ongoing treatment relationship [exists] when the medical evidence establishes that [claimant] see[s] or ha[s] seen the physician . . . with a frequency consistent with accepted medical practice for the type of treatment and evaluation required for [claimant's] medical condition(s).

20 C.F.R. § 404.1502.

First, claimant argues that the ALJ ignored a December 21, 1987 opinion of Dr. Reynaldo A. De Los Angeles, a psychiatrist, that claimant was unable to work due to depression and anxiety. See R. Vol. II at 166. This opinion was set forth in an attending physician's statement for purposes of insurance. Dr. De Los Angeles noted that claimant was emotionally disturbed due to pressure and stress at work. He recommended that claimant have a "change of environment." Id. He also indicated that claimant could begin trial employment in three to six months from December 1987. See id. Although Dr. De Los Angeles recommended out-patient therapy on a weekly basis, see id., there is no evidence in the record that he continued to treat claimant after the date of this opinion. Therefore, Dr. De

-5-

Los Angeles cannot be considered a treating physician, and the ALJ did not err in disregarding his opinion.

Next, claimant asserts that the ALJ did not give sufficient weight to the opinion of Dr. B. Frank Shaw, a family practitioner. Claimant represents that medical records indicate that Dr. Shaw treated claimant's depression "from December 22, 1987 through at least September 29, 1994." Appellant's Br. at 34. Claimant, however, misrepresents the record. The only reference in Dr. Shaw's records to claimant's mental impairment is two long-term disability insurance questionnaires completed sometime in 1988, in which Dr. Shaw opined that claimant could not return to work at that time. See R. Vol. II at 253-56. Although Dr. Shaw's records indicate that he performed routine examinations and pap smears for claimant in 1989, 1990, and 1992, there is no indication that Dr. Shaw was evaluating claimant for depression beyond 1988. Claimant did, however, continue to receive treatment from other sources for her depression. Therefore, the ALJ's disregard of Dr. Shaw's 1988 opinions as to claimant's ability to work was not error.

Lastly, claimant asserts that the ALJ erred in concluding that her mental impairments were not severe on or before December 31, 1992, the date she was last insured. Claimant argues that this finding is inconsistent with the opinions of her "treating physicians," Dr. De Los Angeles and Dr. Shaw. For the reasons

-6-

discussed above, we conclude that Drs. De Los Angeles and Shaw were not treating physicians as described by the Social Security regulations, and the ALJ's disregard of their opinions in favor of later, more extensive medical evidence of claimant's condition was not error.

In summary, we determine that the ALJ's decision of no disability was supported by substantial evidence. The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.

Entered for the Court

Monroe G. McKay
Circuit Judge