**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 16 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ELRENA REED,

      Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,

      Defendant-Appellee.

No. 98-7015
(D.C. No. 96-CV-591-S)
(E.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **PORFILIO, BARRETT,** and **KELLY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is

therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Elrena Reed appeals    from an order of the district court affirming the Commissioner's determination that she was not entitled to disability benefits under either Title II or Title XVI.  We affirm.

We review the Commissioner's decision to determine whether his factual findings were supported by substantial evidence in light of the entire record and to determine whether he applied the correct legal standards.  See Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994).  In the course of our review, we may "neither reweigh the evidence nor substitute our judgment for that of the agency."  Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991).

Ms. Reed alleged disability due to sequellae from a crushing injury to her right hand in 1985[1] and degenerative changes in her spine.  The administrative law judge (ALJ) determined that Ms. Reed was not disabled at step five of the five-step sequential process, see Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988), as she could perform light work with restrictions.

On appeal, Ms. Reed argues that the ALJ's determination that she is not disabled is inconsistent with his statement that she was disabled as of April 12,

---

[1]     Ms. Reed's previous application for benefits was denied March 25, 1993. Therefore, as did the Commissioner, we must determine whether the evidence clearly shows that Ms. Reed was disabled after that date and prior to August 30, 1995, the date of the current decision.

1994.  She also contends that substantial evidence does not support the finding that she could perform less than the full range of light or sedentary work and that the ALJ failed to give substantial weight to her treating physicians' opinions.[2]

On page three of his opinion, the    ALJ stated "that the claimant became disabled on April 12, 1994, but not prior thereto."  App. Vol. II, at 18.  However, this statement is clearly at odds with the entire opinion.  Although ALJs would be well advised to ensure that no such internal inconsistencies are present in their opinions, our review of the ALJ's determination reveals that the ALJ did not find Ms. Reed to be disabled at any time and that this was clearly a misstatement.

The ALJ found that Ms. Reed could perform light or sedentary work with certain identified restrictions.  The ALJ also determined she had no transferable skills.  Ms. Reed argues substantial evidence does not support this conclusion.

The record shows that Ms. Reed has a loss of use in her left upper extremity.  The record also contains information that she has degenerative changes in her lumbar spine.  None of Ms. Reed's medical problems rise to the level of a disabling condition warranting benefits.

---

[2]    Any other arguments that counsel attempts to raise, under the rubric of these arguments which were raised to the district court, will not be addressed. See Schofield v. Callahan   , No. 96-6365, 1997 WL 334960, at **1 (10th Cir. June 18, 1997).   We reject counsel's contention that the waiver rule identified in         Crow v. Shalala, 40 F.3d 323, 324 (10th Cir. 1994), should apply in this case.

Finally, Ms. Reed argues the ALJ did not give proper weight to her treating physicians' opinion that she is totally disabled. Ms. Reed cites particularly to Drs. Smith, Jenkins, and White. Dr. Jenkins issued his opinion in 1991 and Dr. Smith issued his in 1992. Any suggestions of total disability made prior to March 25, 1993, have already been rejected and will not be considered here.

In a 1995 report submitted to Ms. Reed's insurance company, Dr. White did opine that Ms. Reed was totally disabled. A treating physician is free to offer an opinion about a claimant's condition and about the nature and severity of any impairments. See Castellano , 26 F.3d at 1029. However, to be given controlling weight, the opinion must be "well supported by clinical and laboratory diagnostic techniques and [cannot be] inconsistent with other substantial evidence in the record." Id.

The record does not support Dr. White's opinion. The doctor with whom Dr. White consulted noted only the left upper extremity weakness. None of the tests Dr. White refers to shows any problem other than mild degenerative changes in her physical condition. Further, Dr. Pace noted in 1994 that his records did not suggest any disabling condition. He found her to be disabled only as to her regular occupation. The ALJ did not err in not giving controlling weight to Dr. White's opinion.

The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge