**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 18 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

WILLIAM D. LAIL,

     Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,

     Defendant-Appellee.

No. 98-7079
(D.C. No. 96-CV-260-B)
(E.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **ANDERSON** , **KELLY** , and **BRISCOE** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore

ordered submitted without oral argument.

---

*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff appeals the district court's order affirming the Commissioner's decision to deny plaintiff disability insurance benefits. Plaintiff applied for benefits in 1994, alleging he had been disabled since November 1993 due to back, neck and shoulder injuries he sustained in a work-related accident. After his application was denied initially and on reconsideration, plaintiff sought and received a de novo hearing before an administrative law judge (ALJ). In July 1995, the ALJ issued his decision concluding that plaintiff was not disabled. The ALJ found that plaintiff had a residual functional capacity (RFC) for less than a full range of light work and, therefore, could not return to his past relevant work, which had been performed at the medium exertional level. Based on testimony from a vocational expert (VE), the ALJ further concluded, however, that plaintiff could perform other jobs that existed in significant numbers in the national economy. Once the Appeals Council denied plaintiff's request for review, the ALJ's decision became the final decision of the Commissioner.

Plaintiff appealed the Commissioner's decision to the district court. Plaintiff's former counsel filed a lengthy opening brief, as well as a reply brief, raising numerous points of error to the magistrate judge. She also filed objections to the magistrate's report and recommendation, but the district court rejected the objections and affirmed the Commissioner's decision. Plaintiff then retained new counsel, Paul McTighe, and pursued the present appeal.

Our review of the Commissioner's decision is limited to determining whether the decision is supported by substantial evidence and whether correct legal standards were applied.     See Castellano v. Secretary of Health & Human Servs. , 26 F.3d 1027, 1028 (10th Cir. 1994).  Further, the scope of our review is "limited to the issues the claimant properly preserves in the district court and adequately presents on appeal[.]"     Berna v. Chater  , 101 F.3d 631, 632 (10th Cir. 1996).

On appeal, plaintiff challenges the ALJ's RFC assessment and the ALJ's reliance on what plaintiff views as faulty VE testimony in concluding that plaintiff could perform a significant number of other jobs.  Specifically, plaintiff argues there is nothing in the medical records to support the RFC assessment, because the records contain no RFC assessment by a treating or examining physician and the non-examining physician's RFC assessment differs significantly from the ALJ's assessment.  Plaintiff also contends that the ALJ failed to articulate what evidence he relied on in determining plaintiff's RFC, and he may have relied on an absence of evidence, which is improper.  In the absence of sufficient evidence to make an RFC assessment, plaintiff argues, the ALJ should have ordered a consultative examination.  Additionally, plaintiff argues the ALJ's RFC assessment is flawed because it is not expressed in terms of an eight-hour workday.  Finally, plaintiff argues the ALJ failed to link his assessment of

plaintiff's credibility to specific record evidence and he failed to consider certain evidence that supported plaintiff's subjective allegations. Plaintiff challenges the ALJ's reliance on the VE's testimony on the ground that the ALJ posed an inadequate hypothetical question to the VE, which did not take into account an eight-hour workday, so the VE's answer to the question does not support the ALJ's determination that plaintiff can do other work in the national economy on a full time basis.

As required by our local rules, plaintiff's appellate brief refers us to specific pages in the district court briefs and objections where, counsel maintains, the present arguments were raised and preserved in the district court. See 10th Cir. R. 28.2 (b). [1] A careful review of the arguments advanced on appeal and those advanced in the district court, however, reveals that none of the present arguments were raised and preserved in the district court. Although plaintiff's former counsel did challenge both the ALJ's RFC assessment and the ALJ's reliance on the VE's testimony in the district court, she based those challenges on completely different grounds than those advanced by current counsel on appeal.

---

[1] All citations to our local rules refer to the version in effect at the time appellant's brief was filed in August 1998. Local Rule 28.2(b) is now set forth at 10th Cir. R. 28.2(C)(2).

As a general rule, we do not review issues that were not presented to the district court, and counsel has given us no reason to depart from this rule here. See Crow v. Shalala, 40 F.3d 323, 324 (10th Cir. 1994). Therefore, we will not review the issues raised on appeal.

Moreover, counsel's representation that all the issues raised on appeal were raised and preserved in the district court is not simply disingenuous, but a blatant mischaracterization of the record. We have repeatedly admonished counsel about misrepresenting the issues raised and preserved in the district court and we have warned him that continued misrepresentations of this kind may result in sanctions. See, e.g., McKee v. Apfel, No. 98-7008, 1998 WL 756808, at **2 n.1 (10th Cir. Oct. 21, 1998) (unpublished order and judgment); Schofield v. Callahan, No. 96-6365, 1997 WL 334960, at **1 (10th Cir. Jun. 18, 1997) (unpublished order and judgment); Blackmon v. Chater, No. 96-5194, 1997 WL 85196, at **1 (10th Cir. Feb. 28, 1997) (unpublished order and judgment). In light of our previous warnings, counsel's conduct here appears to be in bad faith and a violation of 10th Cir. R. 46.5. We have authority to impose an appropriate sanction for counsel's misconduct, which may include monetary sanctions. See 10th Cir. R. 46.5.

We therefore order plaintiff's counsel, Mr. McTighe, to show cause why monetary sanctions should not be imposed for his misrepresentations of the

record. Mr. McTighe shall have ten days from the date of this Order and Judgment to file written objections to the proposed sanction, including any arguments for mitigation, which objections shall not exceed ten pages. If the objections are not received by the Clerk of the United States Court of Appeals for the Tenth Circuit within ten days of the filing of this Order and Judgment, monetary sanctions shall be imposed. If timely objections are filed, sanctions will not be imposed until this court has ruled on the objections. Mr. McTighe is further advised that continued misrepresentations to this court in this or any other appeal that the arguments raised on appeal were properly presented to the district court may lead not only to further monetary sanctions, but to the initiation of disciplinary proceedings under our Plan for Attorney Disciplinary Enforcement and a referral to the Oklahoma State Bar for possible disciplinary proceedings. See Fed. R. App. P. 46(c); 10th Cir. R. 46.5.

The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.

Entered for the Court

Stephen H. Anderson
Circuit Judge