F I L E D
United States Court of Appeals
Tenth Circuit

DEC 30 1998

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

EDDIE JOHNSON,

        Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,

        Defendant-Appellee.

No. 98-7051
(D.C. No. 97-CV-350-P)
(E.D. Okla.)

ORDER AND JUDGMENT *

Before **PORFILIO** , **BALDOCK** , and **HENRY** , Circuit Judges.


After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument.  See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9.  The case is

therefore ordered submitted without oral argument.

---

*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Eddie Johnson appeals from an order of the district court affirming the Commissioner's determination that he is not entitled to benefits. We affirm.

We review the Commissioner's decision to determine whether his factual findings were supported by substantial evidence in light of the entire record and to determine whether he applied the correct legal standards. See Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (quotations omitted). In the course of our review, we may "neither reweigh the evidence nor substitute our judgment for that of the agency." Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991).

Mr. Johnson alleged disability due to back problems arising from an on-the-job motor vehicle accident. The administrative law judge (ALJ) determined that Mr. Johnson was not disabled at step five of the five-step sequential process, see Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988), as he retained the residual functional capacity to perform sedentary work.

On appeal, Mr. Johnson argues his medical records were not fully evaluated to determine whether he met listing § 1.05(C) of 20 C.F.R. Pt. 404, Subpt. P, App. 1 at step three and the ALJ did not consider all of the evidence in determining that he had the ability to perform sedentary work. We first note that

Mr. Johnson has not included a statement of the issues he raised to the district court.  See 10th Cir. R. 28.2(b) (appellate brief must include statement as to where each issue appealed was raised and ruled upon below).  Nor has Mr. Johnson included a copy of his opening brief to the district court.        See Berna v. Chater , 101 F.3d 631, 632 (10th Cir. 1996) (appellate review "is limited to the issues the claimant properly preserves in the district court and adequately presents on appeal").  However, in the interests of justice, we will consider whether substantial evidence in the record supports the Commissioner's determination.

At step three, Mr. Johnson attempted to show he met the requirements of listing § 1.05(C). [1]  The record does not contain evidence demonstrating the presence of a vertebrogenic disorder of the magnitude required or significant motor loss.

At step five, the ALJ determined that Mr. Johnson could perform sedentary work.  The record shows that his treating physicians felt that Mr. Johnson could return to work, although he would be restricted to a sedentary type job.  In 1992,

---

[1]      20 C.F.R. Part 404, Subpt. P, App. 1, 1.05(C) provides for a finding of disability if the claimant demonstrates a vertebrogenic disorder such as a herniated nucleus puplosus or spinal stenosis which has persisted for at least three months in spite of therapy and is expected to last twelve months.  The disorder must be accompanied by both "[p]ain, muscle spasm, and significant limitation of motion in the spine; and . . . [a]ppropriate radicular distribution of significant motor loss with muscle weakness and sensory and reflex loss."

two physicians opined that Mr. Johnson would be able to return to work with restricted lifting abilities. In 1994, his physician opined that he could work in a sedentary position.

Further, the ALJ properly gave less than full credibility to Mr. Johnson's subjective complaints. The record shows Mr. Johnson did not seek medical treatment between 1993 and 1995, aside from one visit unrelated to his current allegation of disability. See Kepler v. Chater, 68 F.3d 387, 391 (10th Cir.1995) (factors to be considered by ALJ in assessing credibility include extensiveness of medical and nonmedical attempts to obtain relief and frequency of medical contacts). We discern no error in the ALJ's consideration of plaintiff's evidence and, accordingly, we defer to the ALJ's credibility assessments.

The vocational expert stated that Mr. Johnson could perform sedentary work under the hypothetical set forth by the ALJ. As the ALJ found that Mr. Johnson's testimony on the extent of his limitations was neither completely credible nor supported by substantial evidence, he was not required to include all his complaints in his hypothetical questions. See Evans v. Chater, 55 F.3d 530, 532 (10th Cir. 1995) (ALJ's hypothetical questions to vocational expert "must include all (and only) those impairments borne out by the evidentiary record").

Substantial evidence supports the ALJ's determination.  The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.

Entered for the Court


Robert H. Henry
Circuit Judge