# UNITED STATES COURT OF APPEALS
## Tenth Circuit
### Byron White United States Courthouse
### 1823 Stout Street
### Denver, Colorado 80294
### (303) 844-3157

Patrick J. Fisher, Jr.
Shumaker
Clerk

Elisabeth A.

Chief Deputy Clerk

November 27, 1996

**TO:** All recipients of the captioned opinion

**RE:** 96-5057 Berna v. Chater
November 26, 1996


Please be advised of the following correction to the captioned decision:

The reference to Judge Lungstrum as Circuit Judge is incorrect. The correct designation is District Judge. Please make the appropriate correction.


Very truly yours,

Patrick Fisher, Clerk



Susan Tidwell
Deputy Clerk

UNITED STATES COURT OF APPEALS

**Filed 11/26/96**

TENTH CIRCUIT

KATHLEEN E. BERNA,

       Plaintiff-Appellant,

v.

SHIRLEY S. CHATER,
Commissioner, Social Security
Administration,[*]

       Defendant-Appellee.

No. 96-5057

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA
(D.C. No. CV-94-1003)

Submitted on the briefs:

Paul F. McTighe, Jr. and Gayle L. Troutman, Tulsa, Oklahoma, for Plaintiff-Appellant.

---

[*]     Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R. Civ. P. 25(d)(1), Shirley S. Chater, Commissioner of Social Security, was substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although the caption reflects this substitution, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision.

Stephen C. Lewis, United States Attorney, Joseph B. Liken, Acting Chief Counsel, Region IV, Chris Carillo, Lead Attorney, Region VI, Office of the General Counsel, Social Security Administration, Dallas, Texas, for Defendant-Appellee.

---

Before BALDOCK and BRISCOE, Circuit Judges, and LUNGSTRUM,[**] District Judge.

---

LUNGSTRUM, District Judge.

---

Plaintiff Kathleen E. Berna appeals[1] from an order of the magistrate judge[2] affirming the decision of the Secretary to deny her social security benefits. On the basis of expert vocational testimony identifying certain past relevant work plaintiff could perform despite her impairments, the administrative law judge (ALJ) found her not disabled at step four of the controlling analytical sequence.

---

[**]     Honorable John W. Lungstrum, District Judge, United States District Court for the District of Kansas, sitting by designation.

[1]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

[2]     Pursuant to 28 U.S.C. § 636(c)(1), the parties consented to proceed before the magistrate judge. Accordingly, our jurisdiction arises under § 636(c)(3) and 28 U.S.C. § 1291.

-2-

See generally Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988). Plaintiff's sole argument on appeal is that the ALJ deviated from proper step-four procedure by relying entirely on the expert's conclusory opinion that she could return to prior work, without specifying on the record the pertinent demands of such work and the factual basis for the conclusion that these demands could be satisfied despite her recognized impairments, as required by Henrie v. United States Department of Health & Human Servs., 13 F.3d 359, 361 (10th Cir. 1993). See also Winfrey v. Chater, 92 F.3d 1017, 1024-26 (10th Cir. 1996). As explained below, special considerations lead us to affirm the magistrate judge's order without reaching the merits of plaintiff's contention.

The rigor of our review in social security matters is captured in the familiar formulation that "[w]e closely examine the record as a whole to determine whether the Secretary's decision is supported by substantial evidence and adheres to applicable legal standards." Evans v. Chater, 55 F.3d 530, 531 (10th Cir. 1995). The scope of our review, however, is limited to the issues the claimant properly preserves in the district court and adequately presents on appeal:

> This court has on a number of recent occasions recognized that waiver principles developed in other litigation contexts are equally applicable to social security cases. Thus, waiver may result from the disability claimant's failure to (1) raise issues before the magistrate judge, Marshall[ v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)], (2) object adequately to the magistrate judge's recommendation, Soliz[ v. Chater, 82 F.3d 373, 375-76 (10th Cir. 1996)], (3) preserve issues in the district court as a general matter, Crow v. Shalala, 40

-3-

F.3d 323, 324 (10th Cir. 1994), or (4) present issues properly to this
court, <u>Murrell v. Shalala</u>, 43 F.3d 1388, 1389-90 (10th Cir. 1994).

<u>James v. Chater</u>, 96 F.3d 1341, 1344 (10th Cir. 1996). In particular, if on appeal

a claimant challenges only one of two alternative rationales supporting a

disposition, "[t]his choice of litigation strategy necessarily carries with it adverse

consequences for [the] appeal as a whole. Since the unchallenged [rationale] is,

by itself, a sufficient basis for the denial of benefits, [claimant's] success on

appeal is foreclosed--regardless of the merits of [the] arguments relating to [the

challenged alternative]." <u>Murrell</u>, 43 F.3d at 1389-90.

In this case, the magistrate judge recounted and upheld the Secretary's

determination that plaintiff could return to the past relevant work identified by the

vocational expert and, thus, was not disabled at step four. The magistrate judge

did not stop there, however:

> The Court also finds that even if Plaintiff could establish that
> she was incapable of performing her past relevant work, there is
> sufficient evidence in the record establishing that even with
> Plaintiff's current impairments, there are a significant number of
> other jobs in the national economy which she is capable of
> performing. That is, there is sufficient evidence in the record for the
> Secretary to carry her burden at step five of the sequential evaluation
> process. The ALJ described the following hypothetical person to the
> vocational expert: (1) 51 years old, (2) ninth grade education, (3)
> medium ability to read, write and use numbers, (4) can perform
> sedentary or light work, (5) has back problems, ulcers and a hernia,
> (6) has chronic pain, and (7) has to change position from time to time
> to relieve pain. R. at 185. The Court finds that this hypothetical
> adequately describes Plaintiff's impairments. With respect to this
> hypothetical person, the vocational expert described five different

-4-

jobs with approximately 10,000 positions in Oklahoma. R. at 186. This is sufficient to carry the Secretary's burden at step five.

> For the foregoing reasons, the Secretary's decision is AFFIRMED.

R. I at 16.

Plaintiff has offered no challenge to the latter, equally dispositive rationale for affirming the Secretary's decision. On the contrary, plaintiff complains only that the ALJ failed to identify the functional demands of pertinent (past) work and delegated to the vocational expert the task of matching such demands to her impairments, neither of which is improper at step five:

> At step five of the sequential analysis, an ALJ may relate the claimant's impairments to a VE and then ask the VE whether, in his opinion, there are any jobs in the national economy that the claimant can perform. This approach, which requires the VE to make his own evaluation of the mental and physical demands of various jobs and of the claimant's ability to meet those demands despite the enumerated limitations, is acceptable at step five because the scope of potential jobs is so broad.

Winfrey, 92 F.3d at 1025. Significantly, plaintiff has not questioned either the evidentiary basis underlying the alternative step-five analysis or, more generally, the propriety of the magistrate judge supplying this supplemental rationale for the Secretary's administrative determination.

We discern no "compelling reason" to reach step-five issues plaintiff has never raised. See generally Crow, 40 F.3d at 324. While, unlike prior social security waiver cases, this appeal involves matters first introduced at the district

court level, several considerations attenuate the significance of that distinguishing circumstance.

The statute governing judicial review in the social security context indicates that the traditional relationship between trial and appellate court is to be maintained: "The [district] court shall have power to enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security . . . . The judgment of the court shall be final except that it shall be subject to review in the same manner as a judgment in other civil actions." 42 U.S.C. § 405(g). Consistent with this understanding, Marshall, Soliz, and Crow all impose waiver consequences for procedural omissions in the district court, illustrating that the administrative origin of a social security appeal does not negate the legal effect of interim proceedings conducted in district court. Finally, and more specific to this particular case, we note that although the administrative determination stopped short of step five, subsidiary findings necessary for an alternative disposition at that stage were included in the body of the ALJ's decision, which recited the vocational expert's opinion--given in response to a hypothetical inquiry the substance of which has not been questioned--"that there were a substantial number of other jobs in the regional and national economy which the [claimant] could perform." R. II at 21. In light of these considerations,

we deem it appropriate to reject plaintiff's appeal as effectively foreclosed under <u>Murrell</u>, 43 F.3d at 1390.

The judgment of the magistrate judge, entered in the United States District Court for the Northern District of Oklahoma, is AFFIRMED.