F I L E D
United States Court of Appeals
Tenth Circuit

FEB 4 1998

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JANET K. STEPHENS,

      Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner
of Social Security Administration,

      Defendant-Appellee.

No. 97-6090
(D.C. No. CIV-94-1361-L)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **PORFILIO**, **KELLY**, and **HENRY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore

ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Janet K. Stephens appeals from a district court order affirming the denial of social security benefits. The administrative law judge found she "has severe spinal disease with chronic neck and back pain, thoracic outlet syndrome, degenerative disease of her right knee, asthma, gastrointestinal disorders, and mental disorders." Appellant's Appendix (App.) A at 23. Holding that these conditions necessitate sedentary work "which does not require her to squat, stoop, kneel, pivot, or climb," the ALJ concluded she cannot return to past work. Id. However, based on expert vocational testimony, the ALJ found plaintiff could perform other jobs, specifically telephone solicitor and timekeeper, see id. at 22-23, and held she was not disabled at step five of the controlling analysis. See generally Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988). We review this decision to determine whether it is supported by substantial evidence and adheres to applicable legal standards. See Berna v. Chater, 101 F.3d 631, 632 (10th Cir. 1996). For reasons explained below, we reverse.

Among numerous assignments of error, plaintiff contends the ALJ failed properly to consider, and include in the dispositive hypothetical inquiry posed to the vocational expert, significant mental limitations arising from her affective (depression) and anxiety disorders. We agree. Our comparison of the record with the ALJ's analysis of these impairments reveals several interrelated errors. For a full understanding of these, it will be useful to provide some background,

beginning with an earlier ALJ decision in this same proceeding that was vacated on administrative review.

The ALJ issued that decision--the second in this proceeding begun over eight years ago--in October 1992, following an earlier administrative remand. In the Psychiatric Review Technique (PRT) attached to the decision, the ALJ noted a "moderate" limitation on social functioning, see App. B at 445, borne out by the psychiatric record generally and the only pertinent professional PRT therein, see, e.g., id. at 341-43 (report diagnosing "moderate" depression and anxiety, and noting daily treatment with prozac and valium); id. at 256-264 (PRT noting affective and anxiety disorders and assessing "moderate" limitation on social functioning). Accordingly, in his decision, the ALJ qualified plaintiff's sedentary work capacity with a nonexertional restriction regarding public interaction. See id. at 439. Although the same materials indicated plaintiff "often" suffered concentration/persistence difficulties as well, id. at 263, and consequently was "markedly limited" in her ability to understand, remember, and sustain attention for anything but short and simple instructions, id. at 252, the ALJ himself found such difficulties were only "seldom" a problem, id. at 446, and did not recognize any limitation in this regard, see id. at 439.

After this decision was reversed, the ALJ conducted further proceedings before issuing the January 27, 1994 decision under review. Additional

-3-

psychological evidence pointed only to a *deterioration* in plaintiff's condition. The one new mental evaluation, conducted by plaintiff's treating psychiatrist, Dr. J. E. McCalister, see App. C at 632-35, bluntly stated: "[T]here is no question in my mind but what her depression is much more severe than it was . . . [and that] she is totally and permanently disabled and unable to engage in any substantial gainful employment." App. B at 494. Noting "marked" limitations in social functioning, "constant" deficiencies in concentration/persistence, and "continual" episodes of decompensation or deterioration in work-like settings, id. at 504, the psychiatrist concluded plaintiff met the step-three listings for disability on the basis of mental impairment alone, see id. at 497.

The psychiatrist further elaborated on the nature of plaintiff's impairment, specifically as to work related activities, by rating as "poor/none" her capacities to interact with the public, co-workers, and supervisors; maintain attention and concentration; follow complex, or just detailed, job instructions; deal with work stresses; and behave in an emotionally stable manner. Id. at 495-96. He rated as only "fair"[1] such basic capacities as execution of simple instructions and ability to follow work rules. Id. Independent of his conclusion that step-three listings were

---

[1]     In this context, a "fair" rating "is essentially the same as the listing requirement's definition of the term 'marked,'" which indicates "a degree of limitation . . . such as to seriously interfere with the ability to function independently, appropriately, and effectively." Cruse v. United States Dep't of Health & Human Servs., 49 F.3d 614, 618 (10th Cir. 1995) (quotations omitted).

met, these specific findings would, in conjunction with plaintiff's sedentary RFC, dictate a determination of disability at step five in any event.  See Soc. Sec. Rul. 96-9p, 1996 WL 374185 at *9 ("A substantial loss of ability to meet any one of several basic work-related activities [including understanding, remembering, and carrying out simple instructions, and responding appropriately to supervision and co-workers] . . . will substantially erode the unskilled sedentary occupational base and would justify a finding of disability.").

The ALJ did not explicitly reject this professional evaluation.  He did, however, completely ignore all of its findings to conclude that "except for the claimant's subjective report [of symptoms] . . . *the examination did not show considerable reductions in her ability for cognitive, mental, and emotional functions*."  App. A at 21 (emphasis added).  This remarkable conclusion is made possible only by the ALJ's tacit equation of the psychiatrist's *findings* with plaintiff's subjective complaints,[2] as if the former merely parroted the latter without any medical judgment/assessment intervening.  This unstated assumption is unwarranted as a professional medical matter and unsupported by any unique facts specific to this case.

---

[2]     The ALJ discounted plaintiff's credibility for lack of evidence that she had "complained of or sought treatment for [the] mental symptoms" related during her 1993 examination.  App. A at 21.  Actually, the record reflects continuous treatment--including a daily regimen of valium and prozac--for depression and anxiety, with references to her variable but often severe symptoms throughout.

Instead of relying on these extensive findings from plaintiff's treating psychiatrist, the ALJ looked to a report from plaintiff's consultative examination in September 1989, which in his view "display[ed] good to excellent mental, cognitive, and emotional functions." Id. at 20. There are many problems with this approach, beyond the obvious objection to the use of a stale consulting report in preference to a treating physician's current assessment. The 1989 report could not, as a logical matter, contradict the later medical conclusion that plaintiff's condition had *worsened* in the *intervening four years*. Moreover, this narrative report did not contain *any* specific findings to compare with those in the detailed 1993 evaluation. And, as noted above in connection with the second ALJ decision, the only pertinent medical conclusions in the 1989 report, namely its diagnoses of "moderate" affective and anxiety disorders, revealed conditions that would support nonexertional restrictions; it did not reflect "good to excellent" functioning. Finally, there was an intervening psychological assessment that the ALJ did not address--the professional PRT prepared in February 1990 (also cited above in connection with the second ALJ decision). The findings therein, that plaintiff had "moderate" social deficiencies, "often" experienced problems in concentration/persistence, and was "markedly limited" in handling detailed instructions, App. B at 252, 263, are certainly consistent with the severe and worsening condition depicted in the 1993 evaluation.

In light of the evidence discussed above, the ALJ's denial of benefits clearly cannot stand. The ALJ (1) unaccountably ignored the most probative psychiatric opinion in the record--an opinion which would direct a finding of disability; (2) plainly erred in denying the existence of any work-related mental impairment; and, as a result, (3) relied on a legally deficient hypothetical inquiry to the vocational expert which omitted substantial nonexertional limitations established by the evidentiary record. In fairness to the district court, however, we note plaintiff has not always artfully articulated and effectively demonstrated these errors throughout the proceedings on judicial review.

This case has dragged on through eight years and three inadequate ALJ decisions. And, at this point, the record would support a finding of disability at steps three or five. "When a decision of the [Social Security Administration (SSA)] is reversed on appeal, it is within this court's discretion to remand either for further administrative proceedings or for an immediate award of benefits." Ragland v. Shalala, 992 F.2d 1056, 1060 (10th Cir. 1993). Under the circumstances, we conclude an award of benefits is appropriate. See, e.g., Sisco v. United States Dep't of Health & Human Servs., 10 F.3d 739, 746 (10th Cir. 1993) (remanding for award of benefits in similarly protracted case, and admonishing that SSA "is not entitled to adjudicate a case ad infinitum until it correctly applies the proper legal standard and gathers evidence to support its

conclusion" (quotation omitted)); Ragland, 992 F.2d at 1060 (remanding for award of benefits "[i]n light of [SSA's] patent failure to satisfy [its] burden of proof at step five, and the long delay that has already occurred as a result of [its] erroneous disposition of the proceedings"). More specifically, we direct SSA to make the award effective as of July 12, 1989, the protective filing date of plaintiff's current application for benefits.

The judgment of the United States District Court for the Western District of Oklahoma is REVERSED, and the cause is REMANDED with directions to remand, in turn, to the Social Security Administration for an award of benefits.

Entered for the Court

Robert H. Henry
Circuit Judge