**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 18 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

WILLIAM YAHOLA,

      Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,[*]

      Defendant-Appellee.

No. 97-5026
(D.C. No. 95-CV-1016)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[**]

---

Before **BRORBY**, **BARRETT**, and **BRISCOE**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

[*]    Pursuant to Fed. R. App. P. 43(c), Kenneth S. Apfel is substituted for John J. Callahan, former Acting Commissioner of Social Security, as the defendant in this action.

[**]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Plaintiff appeals from an order of the magistrate judge[1] affirming the denial of his application for supplemental security income benefits.  The administrative law judge (ALJ) recognized that plaintiff's residual functional capacity was, for various medical reasons, now limited to sedentary work, precluding his return to the physical occupations he had held in the past.  Nevertheless, based on expert vocational testimony, the ALJ determined plaintiff could still perform unskilled assembly and inspection work, and, accordingly, found him not disabled at step five of the controlling sequential analysis.  See generally Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988).  We review this decision to determine whether it is supported by substantial evidence and adheres to applicable legal standards.  See Berna v. Chater, 101 F.3d 631, 632 (10th Cir. 1996).  The scope of our review, however, is limited to those issues preserved for and presented on appeal.  See id.  For reasons explained below, we affirm.

In proceedings before the magistrate judge, plaintiff challenged the denial of benefits in two specific respects.  First, he claimed the ALJ relied on selective portions of a consulting psychologist's report and ignored indications of cognitive

---

[1]     Pursuant to 28 U.S.C. § 636(c)(1), the parties consented to proceed before the magistrate judge.  Accordingly, our jurisdiction arises under § 636(c)(3) and 28 U.S.C. § 1291.

impairment that should have been explored through further psychological, and if necessary vocational, assessment. Second, he contended the Appeals Council did not adequately consider additional evidence of intellectual limitation presented on administrative review. He now reasserts these arguments, along with objections to the ALJ's pain analysis which he did not raise before the magistrate judge. See Appendix (App.) at 207-14. We limit our consideration to the two issues preserved below. See Crow v. Shalala, 40 F.3d 323, 324 (10th Cir. 1994).

At the evidentiary hearing, the ALJ noted there were no records regarding plaintiff's basic cognitive functioning. Afterwards, to complete the record, the ALJ sent plaintiff to psychologist John W. Hickman, Ph.D., for evaluation of his intellectual ability. Dr. Hickman interviewed plaintiff and administered the Wechsler Adult Intelligence Scale, Revised, on which plaintiff scored a full scale I.Q. of 71. See App. at 145-46. Dr. Hickman ultimately rated plaintiff as "good," i.e., "limited but satisfactory," on such pertinent capacities as independent functioning, maintaining attention and concentration, relating to supervisors and co-workers, and dealing with simple or detailed job instructions. Id. at 148-49. As these findings were compatible with hypothetical testimony already obtained from the vocational expert at the hearing, see id. at 190-95, the ALJ concluded plaintiff's intellectual capacity did not preclude his performance of the unskilled sedentary jobs the expert had identified.

Plaintiff argues, however, that in focusing solely on capacities specifically assessed, the ALJ ignored indications that other cognitive functioning, in particular memory, required additional evaluation, so that similarly explicit findings could be made thereon and related to the vocational expert's testimony. The primary basis for this contention is one statement from Dr. Hickman's report: "However, there is also a possibility, since he is reported to have diabetes, there may be some degree of cognitive deterioration occurring, particularly with memory functions, that it might be worthwhile to further check up through the administration of the Wechsler Memory Scale." Id. at 146-47. We reject this line of argument for its faulty factual premise and flawed legal conclusion.

The above quote is preceded by a passage expressing the suspicion that plaintiff's test scores were "somewhat under-estimations of his intellectual functioning and there [were] questions as to his degree of motivation while taking the test which was also noticed in the clinical interview." Id. at 146. Thus, as the magistrate judge evidently concluded, Dr. Hickman may have suggested the memory test simply to rule out/in a contributing cognitive cause--and thereby rule in/out the motivational explanation--for the unexpectedly low I.Q. score, not to assess another cognitive impairment unreflected in the score. In short, "[p]laintiff had an I.Q. of at least 71," and perhaps much higher, depending on whether memory or just poor motivation was involved. Id. at 231.

In any event, however Dr. Hickman's report is interpreted, that report and the record as a whole do not establish an issue requiring further evidentiary development. We will find a failure to develop the record where (1) the claimant has "in some fashion raise[d] the issue sought to be developed" by demonstrating "a reasonable possibility that a severe impairment exists," Hawkins v. Chater, 113 F.3d 1162, 1167 (10th Cir. 1997), and (2) the available "records do not supply enough information to make an informed decision" about the vocational effect of the asserted impairment, Boyd v. Sullivan, 960 F.2d 733, 736 (8th Cir. 1992). The first condition is perhaps arguably met here, though Dr. Hickman's tentative speculation that "it might be worthwhile" to test the "possibility" that "some degree" of cognitive deterioration "may be" occurring, falls considerably short of the medical findings deemed sufficient to trigger the duty to obtain additional evidence in Hawkins. See 113 F.3d at 1169. As for the second condition, however, Dr. Hickman's express finding that plaintiff had a satisfactory ability to understand *and remember* simple/detailed instructions, see App. at 149, supplied all that was necessary for the ALJ to make an informed decision regarding his ability to perform the occupations identified by the vocational expert.

Finally, plaintiff contends the Appeals Council erred in failing to order a remand on the basis of two documents submitted after the ALJ's decision. The first was a report addressing plaintiff's ability to perform "manual labor," which

stated that he currently could not do so and "doubtful[ly]" ever would. Id. at 13. The second was an achievement test scoring plaintiff's reading and math skills at a fourth-grade level. The Appeals Council considered these materials, but found them essentially consistent with the evidence relied on by the ALJ. We have reviewed the entire record and agree that "consideration of the new evidence does not require a change in the outcome: the ALJ's determination remains supported by substantial evidence." O'Dell v. Shalala, 44 F.3d 855, 859 (10th Cir. 1994).

     The judgment is AFFIRMED.

                           Entered for the Court


                           Mary Beck Briscoe
                           Circuit Judge