**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 24 2003**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

OLIVIA V. WHITNEY,

      Plaintiff-Appellant,

v.

JO ANNE B. BARNHART,
Commissioner, Social Security
Administration,

      Defendant-Appellee.

No. 02-7083
(D.C. No. 01-CV-382-W)
(E.D. Oklahoma)

---

ORDER AND JUDGMENT  *

---

Before **SEYMOUR** , **KELLY** , and **LUCERO** , Circuit Judges.

Olivia V. Whitney appeals from a final order affirming the Commissioner's

denial of supplemental security income benefits. We exercise jurisdiction

pursuant to 28 U.S.C. §§ 636(c)(3), 1291, and affirm for substantially the reasons

stated by the magistrate judge.

---

* The case is unanimously ordered submitted without oral argument pursuant to
Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

This is Whitney's third unsuccessful application for disability benefits. Based on the accumulated medical record, hearing testimony, and a consultative medical examination, the administrative law judge (ALJ) determined that Whitney retains a physical capacity for medium work (with occasional stooping, crouching, and crawling) not significantly limited by any mental impairment. Relying on the testimony of a vocational expert, the ALJ identified a number of occupations that Whitney can perform and, accordingly, found her not disabled at step five of the controlling sequential framework. See Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988) (describing five-step sequential process). "We closely examine the record as a whole to determine whether [this decision] is supported by substantial evidence and adheres to applicable legal standards." Berna v. Chater, 101 F.3d 631, 632 (10 th Cir. 1996) (quotation omitted). "The scope of our review, however, is limited to the issues the claimant properly preserves in the district court and adequately presents on appeal[.]" Id.

Whitney does not challenge the ALJ's findings as they relate to her physical capacity. Rather, she argues only that the ALJ erred by (1) failing to find that she has a severe mental impairment and, as a result, (2) failing to include such an impairment in the dispositive hypothetical posed to the vocational expert. Her contentions largely rest on a diagnosis by psychiatrist Dr. George Blake, who performed a consultative examination and found that Whitney suffered from a

"[p]ain disorder associated with both psychological factors and general medical condition, migraine headaches and chronic back pain." (2 R. at 145.)

Such a bare diagnosis does not suffice for a disability claim. "[T]he claimant must show more than the mere presence of a condition"—the condition must have a vocationally relevant impact. Hinkle v. Apfel, 132 F.3d 1349, 1352 (10th Cir. 1997) (following Bowen v. Yuckert, 482 U.S. 137, 153 (1987)). In the terminology of the controlling regulations, an alleged impairment must "significantly limit[]" some "basic work activities" in order to be deemed sufficiently severe to satisfy the threshold standard for consideration imposed at step two in the analysis. 20 C.F.R. § 416.920(c).

Dr. Blake's assessment of Whitney's mental functioning clearly undercut the vocational significance of his diagnosis: "This claimant would be able to remember, comprehend and carry out simple and complex instructions on an independent basis. She should be able to respond appropriately to work pressure, supervision and co-workers." (2 R. at 145.) These are precisely the kinds of "basic work activities" a mental impairment would affect. See 20 C.F.R. § 416.921(b) (listing examples of basic work activities). Dr. Blake did not cite a single such activity that Whitney's disorder would impede her from performing. Further, as the magistrate judge noted, a Psychiatric Review Technique Form (PRT) was completed by a Disability Determination Service (DDS) examiner, who

reviewed the medical record and, consistent with Dr. Blake's observations, found Whitney's pain disorder had no more than a slight impact on any activities and, thus, was not severe under the regulations.

We cannot say the ALJ's rejection of a vocationally significant pain-based mental impairment lacks substantial support in the record. Accordingly, it was proper for the ALJ to omit such an impairment from the hypothetical posed to the vocational expert. [1] Qualls v. Apfel, 206 F.3d 1368, 1373 (10th Cir. 2000); Gay v. Sullivan, 986 F.3d 1336, 1341 (10th Cir. 1993); cf. Hargis v. Sullivan, 945 F.2d 1482, 1488, 1492 (10th Cir. 1991) (holding mental impairment found to be severe must be included in step-five analysis).

Whitney also argues, much more summarily, that the ALJ should have found other mental impairments, in particular involving anxiety and depression, which adversely affect her ability to work. In contrast to the pain disorder, there is no clinical psychiatric diagnosis of an anxiety or depression condition. On the

---

[1] We do note an apparent, though immaterial, inconsistency in the ALJ's expression of his rationale. In the body of his decision, the ALJ acknowledged that "Dr. Blake's examination shows . . . [Whitney] has a pain disorder" and then adopted the DDS examiner's findings regarding non-severity of impairment. (2 R. at 19.) In a PRT attached to the decision, however, the ALJ marked the box for "No Medically Determinable Impairment" rather than "Impairment(s) Not Severe." (2 id. at 22.) The result obviously being the same, this irregularity, "if error, was minor enough not to undermine confidence in the determination of this case." Gay v. Sullivan, 986 F.2d 1336, 1341 n.3 (10th Cir. 1993).

contrary, as the ALJ observed, "Dr. Blake's examination shows that <u>she does not have an anxiety disorder</u>, she had a pain disorder." (2 R. at 19 (emphasis added).)

We recognize that medical records over the past fifteen years recount undeniably stressful circumstances in Whitney's life which would naturally give rise to situational anxiety or depression, such as treatment for cancer (now evidently in remission), efforts by authorities to take away her school-aged boys (obviated now by their attainment of majority), and threats of eviction (in 1991). These occasions prompted recommendations from doctors, who were treating Whitney for physical complaints, that she should obtain help ranging from "emotional support and encouragement," to counseling. (2 R. at 160, 312, 301.) However, these episodes are separated by substantial periods in which no mention is made about life stresses, let alone any resultant anxiety or depression. Whitney has not been treated for a generalized anxiety or depression illness. More particularly, no doctor has ever stated that she could not cope with the (comparatively mundane) stresses which accompany employment. Dr. Blake's consultative report and the DDS examiner's PRT indicate just the opposite, as explained above. Again, we hold that substantial evidence supports the ALJ's rejection of the alleged impairments and, hence, they were properly omitted from the dispositive hypothetical posed to the vocational expert.

The judgment of the district court is AFFIRMED.

Entered for the Court


Carlos F. Lucero
Circuit Judge