**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 20, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

NIKKA J. CALLICOATT,

  Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE, Commissioner
of the Social Security Administration,

  Defendant-Appellee.

No. 07-7096
(D.C. No. 6:06-CV-00254-KEW)
(E.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, **PORFILIO**, and **BALDOCK**, Circuit Judges.

---

Appellant Nikka Callicoatt appeals from an order of the magistrate judge[1]

affirming the Commissioner's decision to deny her third application for social

security disability and supplemental security income benefits, arguing that the

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1]     The magistrate judge entered judgment in this case by consent of the parties. *See* 28 U.S.C. § 636(c).

administrative law judge (ALJ) improperly failed to consider her obesity in combination with her other impairments. We affirm.

I.

Appellant was born in January 1963, making her forty-five years old now. Aplt. App., Vol. II at 344. She has a high school education. *Id.* at 346. Her past work included light and medium work as a convenience store cashier and house cleaner. *Id.* at 365-66. She filed her third application for disability benefits in January 2004, asserting a disability beginning on December 4, 2000, due to "rheumatoid arthritis, diabetes, depression, reflux disease, and hypothyroidism." *Id.* at 18-19. An April 2004 summary of her application shows that she was 5'3" tall and weighed 230 pounds, but this report also shows that she did not claim obesity as one of the "illnesses, injuries or conditions that limit[ed her] ability to work." *Id.* at 95.

After a hearing, the ALJ found at step two that appellant had severe impairments of "diabetes mellitus, diabetic neuropathy, degenerative disc disease of the lumbar spine, and degenerative joint disease of the bilateral hips[.]" *Id.* at 26 (finding 3). He decided that her other claimed impairments, "rheumatoid arthritis, hypothyroidism, reflux disease, and depression," were not severe. *Id.* at 20-21. He concluded at step three that her impairments did not meet or equal any listings because "[n]o treating or examining physician has mentioned findings equivalent in severity to the criteria of any listed impairment." *Id.* at 21. He

-2-

found at step four that appellant could perform a full range of sedentary work, but that this precluded her return to her past relevant work. *Id.* at 25. At step five, he relied conclusively on Rule 201.28 of the Medical-Vocational Guidelines, 20 C.F.R. Pt. 404, Subpt. P, App. 2, for the conclusion that there were other jobs that appellant could do. *See* Aplt. App., Vol. II at 25-26. The ALJ did not mention appellant's weight in his decision. *See id.* at 18-27.

## II.

This court "reviews the ALJ's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Salazar v. Barnhart*, 468 F.3d 615, 621 (10th Cir. 2006). "The scope of our review, however, is limited to the issues the claimant properly preserves in the district court and adequately presents on appeal[.]" *Berna v. Chater*, 101 F.3d 631, 632 (10th Cir. 1996).

Appellant challenges the ALJ's decision in only one respect: she argues that he committed reversible legal error by failing to consider her obesity in combination with her other impairments, citing Social Security Ruling 02-01p, 2000 WL 628049, and the corresponding regulation at 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.00Q. Although she never specified obesity as one of the conditions limiting her ability to work, she contends that under the ruling, the regulation, and this court's decisions in *Grogan v. Barnhart*, 399 F.3d 1257 (10th Cir. 2005), and *Salazar*, 468 F.3d 615, the ALJ had a duty to consider that

-3-

condition because its presence was evident from references to her height and weight in the medical record.

There are, indeed, references to appellant's high weight in the medical records. We believe, however, that even if an ALJ has an affirmative legal duty to consider a claimant's obesity when it was not asserted by the claimant—a point we need not and do not decide—the error was harmless in this case. *See Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004) (stating that the ALJ's decision is reviewed "to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied" and defining substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion"). Appellant points to no evidence in the medical record (or in her hearing testimony for that matter), showing that her obesity exacerbated her other impairments. Without some evidence that her obesity was relevant to her other alleged impairments during the relevant time frame, the ALJ was not required to consider the claimant's obesity.

Moreover, the Commissioner argued that "[a]n ALJ is not obligated to investigate a claim not presented at the time of application for benefits and not offered at the hearing as a basis for disability." Aplee. Br. at 13. Appellant replied that she was "not arguing that the ALJ committed legal error by not further developing the record to investigate the effects of Callicoatt's obesity."

Aplt. Reply Br. at 3. We think this is a critical admission. We find no real distinction between "investigating" her obesity and "developing" the record as to her obesity as a matter of law. Any asserted difference is merely semantical. Indeed, appellant's admission makes moot and removes the issue of the development of her obesity claim from our consideration.

The judgment of the district court is AFFIRMED.

Entered for the Court


John C. Porfilio
Circuit Judge