FILED
United States Court of Appeals
Tenth Circuit

April 19, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

KATIE WILLIAMS,

       Plaintiff–Appellant,

v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,[*]

       Defendant–Appellee.

No. 12-5120
(D.C. No. 4:11-CV-00144-FHM)
(N.D. Okla.)

**ORDER AND JUDGMENT**[**]

Before **LUCERO**, Circuit Judge, **PORFILIO**, Senior Circuit Judge, and
**MATHESON**, Circuit Judge.

Katie Williams appeals from a magistrate judge's order upholding the

Commissioner's denial of Supplemental Security Income ("SSI") benefits.

Exercising jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g), we affirm.

---

[*] In accordance with Federal Rule of Appellate Procedure 43(c)(2), Carolyn
W. Colvin is substituted for Michael J. Astrue as the defendant-appellee in this
action.

[**] After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I

In April 2008, Williams filed for SSI benefits. She claimed that she had been unable to engage in substantial gainful employment since January 1, 1988 due to coronary artery disease, chest pain, knee pain, shoulder pain, and hand problems.

Williams' claim for SSI benefits was denied initially and on reconsideration. An ALJ determined that Williams was not disabled at step five of the controlling five-step sequential analysis. See Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010). At step one, the ALJ decided that she was not engaging in substantial gainful activity. At step two, he found that she suffers from the severe impairments of coronary artery disease and chest pain secondary to drug abuse, but her medically determinable mental impairment of substance abuse was not severe. The ALJ determined at step three that her impairments did not meet or equal the requirements for Listing 4.03 for hypertensive cardiovascular disease. 20 C.F.R. pt. 404, subpt. P, app. 1, § 4.03 (removed in 2006). And although the ALJ found at step four that Williams had no past work, he concluded at step five that she could perform light and sedentary jobs identified by the vocational expert ("VE")—order clerk, assembler, food preparer, and office cleaner—that existed in significant numbers in the national economy. In addition, the ALJ determined that she had the residual functional capacity ("RFC") to perform the full range of light work.

The Appeals Council denied review despite Williams' additional medical evidence, making the ALJ's decision the Commissioner's final decision. See Wall v.

Astrue, 561 F.3d 1048, 1051 (10th Cir. 2009). A magistrate judge affirmed the Commissioner's decision, and Williams appeals.

## II

"Our review of the district court's ruling in a social security case is de novo." Id. at 1052. We review the ALJ's decision to determine if it is supported by substantial evidence in the record and to evaluate whether the ALJ applied correct legal standards. Wilson, 602 F.3d at 1140. We will not reweigh the evidence, but we will consider the entire record, including evidence not in accordance with the ALJ's findings. See Wall, 561 F.3d at 1052. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." Raymond v. Astrue, 621 F.3d 1269, 1271-72 (10th Cir. 2009) (quotation omitted).

Williams raises the following challenges to the ALJ's decision: the ALJ (1) incorrectly evaluated the medical evidence; (2) did not consider all of her impairments at steps two and three; (3) did not consider the effect of all of her impairments at step five; and (4) did not perform a minimal credibility determination.

## A

An ALJ must consider all evidence and explain why he finds a claimant not disabled. 42 U.S.C. § 405(b)(1); Clifton v. Chater, 79 F.3d 1007, 1009 (10th Cir. 1996). But the ALJ need not specifically "reference everything in the administrative

record." Wilson, 602 F.3d at 1148. Upon review of the full record, we conclude the ALJ properly evaluated the medical evidence.

Williams contends the ALJ did not discuss medical evidence showing that she went to the emergency room four times between 2003 and 2004 for chest pains, with no mention of drug abuse on those occasions. As the magistrate judge noted, the doctor who diagnosed Williams' chest pains as secondary to her drug abuse had access to these earlier medical records. Moreover, no medical evidence specifically indicated that cardiac impairments caused Williams' chest pain. And the ALJ's failure to consider abnormal electrocardiograms when deciding that Williams had not experienced any heart attacks is not reversible error because he found that no medical evidence indicated that Williams had suffered any heart attacks.

According to Williams, the ALJ failed to recognize the decreased range of motion in her lumbar spine, mild strength loss in her left shoulder, left shoulder pain, decreased range of motion in her right elbow, problems writing and reaching due to her right arm problems, wrist and arm pain, and limitations on her abilities to sit, stand, walk, bend, stoop, crouch, squat, kneel, and lift. But contrary to her assertion, the ALJ noted her limitations in back extension and flexion and the reduced range of motion in her left shoulder. The ALJ then found that her other alleged impairments were unsupported by medical evidence and not significant. Only laboratory findings and clinical findings establish a medically determinable impairment; Williams'

reported symptoms alone do not do so. See 20 C.F.R. §§ 416.928, 416.929(b); SSR 96-7p, 1996 WL 374186, at *1; SSR 96-4p, 1996 WL 374187, at *1.

Finally, Williams failed to show that anxiety was a medically determinable impairment or that it was "substantial on its face." Wall, 561 F.3d at 1063. She argues that the ALJ neglected to discuss the consultative doctor's notation that her chest pain has an anxiety component. Although the doctor noted that her chest pain likely had an anxiety component, he did not actually diagnose her with anxiety. The new evidence presented to the Appeals Council contained only one mental status evaluation indicating Williams had an anxiety disorder. And there was no course of treatment for anxiety because Williams failed to keep any appointments after her first one. Such vague notations of anxiety are insufficient to show Williams suffered from anxiety that was substantial on its face. See id. at 1064 n.23.

**B**

At steps two and three, Williams asserts that the ALJ's determinations are flawed because he did not consider all of her impairments. "It is beyond dispute that an ALJ is required to consider all of the claimant's medically determinable impairments, singly and in combination . . . . [T]he failure to consider all of the impairments is reversible error." Salazar v. Barnhart, 468 F.3d 615, 621 (10th Cir. 2006) (citations omitted); see also 20 C.F.R. § 416.923; § 416.908.

Williams contends that the ALJ's decision is unsupported by substantial evidence because the ALJ applied an invalid listing. However, while the applied

listing was no longer in effect, Williams argued before the magistrate judge that she met that very listing.[1] She cannot now for the first time argue that the ALJ's decision should be reversed for a different reason. See Wall, 561 F.3d at 1066-67.

The ALJ also did not err in failing to discuss or assess anxiety. According to Williams, the ALJ did not mention her anxiety and stress and failed to assess her anxiety with respect to her activities of daily living. But anxiety, as discussed above, was not diagnosed as a medically determinable impairment. And Williams did not point to any evidence suggesting she has work-related limitations due to anxiety.

In addition, we conclude that the ALJ did not err in failing to consider Williams' complaints in combination with the other impairments. Williams contends that the ALJ failed to consider her abdominal pain, headaches, neck pain, joint pain, leg pain, left knee swelling and pain, left shoulder pain, arm pain, right elbow pain, left wrist pain, and bilateral hand pain, swelling, and numbness. She makes the conclusory statement that "[t]he ALJ noted that 'many of [her] complaints have little or no supportive evidence,' while ignoring many of the medical records." But she does not cite to or discuss the medical records. At most, she asserts symptoms that, as noted above, do not establish medically determinable impairments.

---

[1] In her reply brief below, Williams mentioned, without further development, that if the listing did not exist, the ALJ's decision was not supported by substantial evidence. She failed to sufficiently raise the issue in the district court, and cannot assert it in this court. See Berna v. Chater, 101 F.3d 631, 632 (10th Cir. 1996).

## C

At step five, Williams argues that the ALJ did not properly consider the effects of all of her impairments. Specifically, she contends the hypothetical presented to the VE and the ALJ's RFC assessment did not include sufficient limitations for her heart condition, pain, limited range of motion, and other non-exertional impairments and postural limitations, including hand numbness and limited ability to reach. She also argues the ALJ's hypothetical referred to her ability to sit for six hours out of an eight-hour work day, but did not refer to her ability to stand and walk during an eight-hour work day. And she faults the ALJ for failing to ask the VE whether the VE's testimony was compatible with the Dictionary of Occupational Titles ("DOT").

"The RFC assessment considers only functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments, including the impact of any related symptoms." SSR 96-8p, 1996 WL 374184, at *1. The same is true of hypotheticals to the VE. See Evans v. Chater, 55 F.3d 530, 532 (10th Cir. 1995) (concluding there was error when ALJ omitted from hypothetical functional limitations arising from impairment).

Even if the ALJ could be faulted for not including standing and walking in the hypothetical, any error was harmless in light of the ALJ's unchallenged finding that Williams can perform a full range of light work. And the VE understood that Williams had an RFC to perform the full range of light work. Further, no medical evidence suggests Williams' ability to walk or stand was limited.

-7-

Lastly, we reject Williams' contention that reversal is necessary because the ALJ allegedly failed to ask the VE whether the VE's testimony can be reconciled with the DOT. See Hackett v. Barnhart, 395 F.3d 1168, 1175-76 (10th Cir. 2005) (holding that ALJ must ask VE how VE's testimony corresponds with DOT and obtain reasonable explanation for any conflicts between testimony and DOT). Because Williams does not contend that the VE's testimony conflicts with the DOT, any failure by the ALJ to ask the VE if her testimony was consistent with the DOT was harmless.

**D**

Finally, Williams contends that the ALJ failed to perform even a minimal credibility analysis. "Credibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence. However, findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Id. at 1173 (quotations, citations, and alteration omitted).

Williams has the burden to prove a disabling impairment with objective medical evidence and cannot do so solely by her testimony. She believes the ALJ ignored her minimal activities of daily living, including shortness of breath with exertion, lack of energy, need to take naps daily, ability to perform household chores only for short periods of time, and need for help from family members with chores and grooming. Once again, she notes the ALJ did not address her anxiety. But as

previously discussed, Williams' complaints of heart attacks, knee swelling, shoulder spurs, hand injuries, and other difficulties were unsupported by the medical evidence. The evidence also indicated that her chest pain was caused by drug abuse.

We reject Williams' assertion that the ALJ used boilerplate language, as the ALJ discussed evidence he considered in assessing credibility. See Keyes-Zachary v. Astrue, 695 F.3d 1156, 1170 (10th Cir. 2012) (using boilerplate language is not problematic if ALJ refers to specific evidence to support conclusions). And the ALJ stated Williams' allegations were not credible if they were inconsistent with his RFC assessment, in which he also discussed evidence.

Although the ALJ did not expressly state which parts of Williams' testimony he found not credible, we conclude from the decision as a whole that he considered her not credible concerning her alleged impairments and inability to perform work.

**III**

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.[2]

Entered for the Court


Carlos F. Lucero
Circuit Judge

---

[2] Williams raised additional undeveloped assertions of error within each of her major arguments. We have considered those assertions, but we deem them unworthy of explicit discussion.