FILED
United States Court of Appeals
Tenth Circuit

October 15, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

LILA ADAMS,

     Plaintiff - Appellant,

v.

CAROLYN W. COLVIN, Acting
Commissioner of the Social Security
Administration,

     Defendant - Appellee.

No. 14-4135
(D.C. No. 2:13-CV-00760-BSJ)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **BALDOCK**, and **GORSUCH**, Circuit Judges.
_____

Lila Adams applied for disability benefits claiming that back and leg pain and

other medical problems kept her from working. Following a hearing and with the

benefit of testimony from a vocational expert, an administrative law judge

determined that Ms. Adams retained the residual functional capacity to perform

sedentary-to-light work. At step four of the Social Security Administration's

five-step evaluation process for cases like this one, the ALJ further held that in light

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

of Ms. Adams's residual functional capacity she was able to resume her past work as an electronic scanner operator — at least under the conditions generally associated with that type of job in the national economy. *See Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (explaining the five-step process). Alternatively, at step five in the evaluation process the ALJ concluded that Ms. Adams's residual functional capacity and the skills she developed while working as a cashier supervisor also enabled her to obtain employment as a personnel scheduler, timekeeper, or order clerk. For both reasons, the ALJ denied her claim for disability benefits. Later, the Appeals Council denied review, the district court affirmed the ALJ's order, and Ms. Adams appealed to this court.

Now before us, Ms. Adams challenges the ALJ's determinations at both steps four and five. But most of the arguments Ms. Adams seeks to present on appeal weren't raised before the district court. For example, in the district court she didn't challenge the ALJ's determination that she is able to perform sedentary-to-light work. Neither did she challenge the sufficiency of the ALJ's findings regarding the physical and mental demands of her relevant past work. And because Ms. Adams has offered no compelling reason to excuse her failure to present these arguments earlier, they are forfeited and we limit our review "to the issues the claimant properly preserve[d] in the district court." *Berna v. Chater*, 101 F.3d 631, 632 (10th Cir. 1996); *see also Crow v. Shalala*, 40 F.3d 323, 324 (10th Cir. 1994).

What remains? Ms. Adams preserved in the district court and has briefed here only two claims of error. First, she contends there is insufficient evidence to support

the ALJ's determination at step four that she is able to return to work as an electronic scanner operator. Second, she disputes the ALJ's finding that she acquired skills during her time as a cashier that she might now transfer to other available jobs.

Turning to the first argument, at step four it is Ms. Adams's burden to establish that she is unable to perform her past relevant work as a scanner operator *both* as she actually performed that work in the past *and* as it is generally performed in the national economy. *See O'Dell v. Shalala*, 44 F.3d 855, 859-60 (10th Cir. 1994); *Andrade v. Sec'y of Health & Human Servs.*, 985 F.2d 1045, 1051 (10th Cir. 1993). The ALJ found — based on Ms. Adams's description of her past job duties and the vocational expert's testimony — that her past work as a scanner operator with the Salt Lake City police fell within the definition of "scanner operator," as that job is defined by the Dictionary of Occupational Titles (DOT). In categorizing Ms. Adams's work as he did, moreover, the ALJ was presumptively entitled to rely on the DOT. *See Andrade*, 985 F.2d at 1051-52. The ALJ then proceeded to find that Ms. Adams had the residual functional capacity to perform the work typically required of a scanner operator, at least as that job is performed in the national economy. And at that point it became incumbent on Ms. Adams to show either that she couldn't perform that work or that the duties of her past job were "sufficiently distinct" from those "described in the *Dictionary* [as] to constitute a different line of work" altogether. *Id.* at 1052 (internal quotation mark omitted). This much, however, Ms. Adams has not done. For she has given no persuasive reason to conclude that despite the ALJ's findings about her residual functional capacity she's

3

incapable of performing the duties of a scanner operator as it's generally performed in the national economy — or that this position is sufficiently more challenging or burdensome than her past job that it might qualify as a different line of work.

Because we discern no grounds for overturning the finding of no disability at step four, we need not reach the ALJ's alternative step-five determination. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) ("If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." (internal quotation marks omitted)); 20 C.F.R. § 404.1520(a)(4) (same). The judgment of the district court is affirmed.

ENTERED FOR THE COURT

Neil M. Gorsuch
Circuit Judge