**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 31 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

HENRY G. ALDERETE,

       Plaintiff-Appellant,

v.

JO ANNE B. BARNHART,
Commissioner, Social Security
Administration,

       Defendant-Appellee.

No. 03-2256
(D.C. No. CIV-01-1409-JHG)
(D. N.M.)

---

**ORDER AND JUDGMENT** *

---

Before **KELLY** , Circuit Judge, **BRORBY** , Senior Circuit Judge, and **BRISCOE** , Circuit Judge.

---

    Henry G. Alderete appeals a decision of the district court upholding the

Social Security Commissioner's denial of his application for supplemental

---

\*     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

security income (SSI). [1] The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. § 416.920; *Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988). Mr. Alderete applied for SSI alleging disability due to a back problem, psoriasis, headaches, insomnia, and depression. The agency denied Mr. Alderete's application initially and on reconsideration. Mr. Alderete then received a de novo hearing before an administrative law judge (ALJ). Ultimately, the ALJ denied benefits at step five of the sequential analysis. In so doing, he found that Mr. Alderete, who, at the time of his disability hearing, was forty-one years old with a "limited" tenth grade education and no acquired work skills, retained the residual functional capacity to perform simple, unskilled work across all exertional levels, and that, under the medical-vocational guidelines (the "grids"), he was not disabled. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 203.25. The Appeals Council denied Mr. Alderete's request for review, making the ALJ's decision the final decision of the Commissioner. The district court affirmed, and this appeal followed.

Our jurisdiction arises under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g). We review the Commissioner's decision to determine whether the Commissioner's

_____

[1] The parties consented to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c)(1).

-2-

factual findings are supported by substantial evidence in the record, and whether the correct legal standards were applied. *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). We may neither "reweigh the evidence nor substitute our judgment for the [Commissioner's]." *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994). Moreover, "[t]he scope of our review . . . is limited to the issues the claimant properly preserves in the district court." *Berna v. Chater*, 101 F.3d 631, 632 (10th Cir. 1996); *see also Crow v. Shalala*, 40 F.3d 323, 324 (10th Cir. 1994) (noting general rule that we do not review issues that were not presented to the district court). Applying these standards, we affirm.

Mr. Alderete raises three narrow issues on appeal. To provide context, we begin by reviewing the ALJ's findings at steps two and three of the sequential analysis. *See Williams*, 844 F.2d at 750-52. At step two, the ALJ found Mr. Alderete's back problem, psoriasis, and headaches did not constitute "severe" impairments, and that Mr. Alderete did not suffer from any severe physical or exertional impairments. (Mr. Alderete does not challenge this finding on appeal.) The ALJ further found, however, that Mr. Alderete suffered from three nonexertional impairments that were severe: depression, drug abuse, and insomnia secondary to drug abuse. Pursuant to the Contract with America Advancement Act of 1996, Pub. L. No. 104-121, 110 Stat. 847, a claimant is precluded from receiving benefits if "alcoholism or drug addiction would . . . be a

contributing factor material to the Commissioner's determination that [the claimant] is disabled." 42 U.S.C. § 1382c(a)(3)(J). "[T]he key factor the Commissioner must examine in determining whether drugs or alcohol are a contributing factor to the claim is whether the Commissioner would still find the claimant disabled if he . . . stopped using drugs or alcohol." *Drapeau v. Massanari*, 255 F.3d 1211, 1214 (10th Cir. 2001); *see also* 20 C.F.R. § 416.935 (detailing materiality determination).

At step three of the sequential analysis, the ALJ found that Mr. Alderete met Listing 12.09, which addresses substance addiction disorders. *See* 20 C.F.R. Pt. 404, Subpt. P., App. 1, Pt. A, § 12.09. Unlike other mental disorder listings, 12.09 does not consist of a statement describing the disorder together with a list of necessary medical findings and a list of necessary functional limitations. Instead, it "is structured as a reference listing; . . . it . . . only serve[s] to indicate which of the other listed mental or physical impairments must be used to evaluate the behavioral or physical changes *resulting* from regular use of addictive substances." *Id.* § 12.00(A) (emphasis added). The required level of severity for a substance addiction disorder is met when, as a result of substance abuse, the requirements in one or more of Listings 12.02, 12.04, 12.06, 12.08, 11.14, 5.05, 5.04, 5.08, 11.02, or 11.03 are satisfied. *Id.* § 12.09. Accordingly, the ALJ looked at Listing 12.04 for affective disorders to evaluate Mr. Alderete's

depression. [2] *See* 20 C.F.R. Pt. 404, Subpt. P., App. 1, Pt. A, § 12.04. The ALJ determined that Mr. Alderete did not meet the requirements of Listing 12.04 except as a result of his drug abuse. Therefore, while the ALJ found that Mr. Alderete met Listing 12.09, he further found that Mr. Alderete's drug abuse was material to this finding and that Mr. Alderete would not be disabled at step three if he stopped using drugs. The first issue Mr. Alderete raises on appeal challenges this conclusion. Mr. Alderete's position is "that even when [he] was not using alcohol or drugs, his mental impairment was disabling." Aplt. Opening Br. at 11. But because it appears that Mr. Alderete never stopped abusing drugs, we cannot agree with his position. Nor do we find merit in his argument that the court's materiality finding was contrary to law because it "failed to apply–indeed failed to mention–the most recent authority from this Court: *McGoffin v. Barnhart*, 288 F.3d 1248 (10th Cir. 2002)." Aplt. Opening Br. at 9. In *McGoffin*, we observed in dicta that "'[w]hen it is not possible to separate the mental restrictions and limitations imposed by [drug and alcohol use] and the various other mental disorders shown by the evidence, a finding of 'not material' would be appropriate.'" 288 F.3d at 1253 (quoting *Social Security Administration*

---

[2]     Insomnia is not itself a mental disorder, although it may be a symptom of a disorder, such as depressive syndrome. *See* 20 C.F.R. Pt. 404, Subpt. P., App. 1, Pt. A, § 12.04A(1)(c) (identifying sleep disturbance as a characteristic of depressive syndrome).

*Emergency Teletype*, response to question 29 (Aug. 30, 1996), *available at* http://www.ssas.com/daa-q&a.htm) (alteration in original)). In this case, the ALJ did not find it impossible to separate Mr. Alderete's depression imposed by drug abuse from "various other mental disorders;" indeed, the evidence does not demonstrate that Mr. Alderete suffered from various other mental disorders. Our careful review of the record, in light of the deferential standard we are subject to, leads us to conclude that there is substantial evidence to support the ALJ's materiality finding, and that the ALJ applied the correct legal standards. The district court therefore properly affirmed on this point.

The second issue Mr. Alderete raises on appeal is that the district court committed reversible error by affirming the ALJ's decision "discounting and rejecting" the opinions of treating physicians Rexroad, Roston, and Rosen. Aplt. Opening Br. at 18. Mr. Alderete complains that the ALJ did not state why he declined to afford Dr. Rexroad's undated report any weight. But because Mr. Alderete raises this issue for the first time on appeal, we decline to consider it. *See Berna*, 101 F.3d at 632-33. In so holding, we note that while Mr. Alderete cited the undated report in the district court, he did not object to what weight, if any, the ALJ afforded it. Instead, Mr. Alderete's district court arguments, with regard to Dr. Rexroad, focused on an August 31, 2000, evaluation. The August 31, 2000, evaluation (and a narrative form of the same date) were actually

completed by Dr. Roston.  *See* Aplt. App., Vol. II at 156.  Thus, even though we deem Mr. Alderete's appellate argument regarding Dr. Rexroad's undated report waived, Mr. Alderete's argument about the August 31, 2000, evaluation, even though mis-attributed, was preserved.

The August 31, 2000, evaluation, that was actually completed by Dr. Roston, states:  "Henry Alderete suffers from an agitated depression and is incapacitated by his disease.  He would greatly benefit from G.A. / S.S.I..  His disability will continue for an indefinite time."  *Id.*  The ALJ gave Dr. Roston's evaluation "no significant weight because it is brief, conclusory, and unsupported by medical evidence," and because it "contradicts the Narrative Form of that same date indicating that [Mr. Alderete] was feeling much better" and "sleeping 'like a baby.'"  *Id.* at 17.  Mr. Alderete takes issue with the ALJ's refusal to accord Dr. Roston's August 31, 2000, evaluation significant weight, but there was no error in the ALJ's assessment.  A treating source opinion is to be given controlling weight only if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record."  20 C.F.R. § 416.927(d)(2);  *see also Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003) (outlining framework for ALJ's controlling weight determination).  Dr. Roston's opinion does not meet this standard.

Further, the ALJ adequately explained why he gave Dr. Roston's opinion the weight he did. *See* 20 C.F.R. § 416.927(d)(2).

Mr. Alderete also asserts that the ALJ erred by discounting Dr. Rosen's February 2001 letter. It states: "This letter is to certify that you . . . are currently under my care . . . . You are being treated for depression and insomnia, and it has affected your ability to work." Aplt. App., Vol. II at 271. The ALJ gave the letter "no significant weight," because Dr. Rosen "did not list any specific functional limitations." *Id.* at 17. Mr. Alderete, while conceding that Dr. Rosen did not list specific limitations, argues that several of Dr. Rosen's treatment notes contain information to support Dr. Rosen's conclusion that Mr. Alderete cannot work. We are not persuaded. Dr. Rosen's treatment notes reflect Mr. Alderete's symptoms and diagnoses, but they do not provide any specific limitations that link Mr. Alderete's depression and insomnia secondary to drug abuse to the conclusion that he cannot work. Moreover, the ALJ's explanation for according Dr. Rosen's opinion no significant weight is satisfactory. *See* 20 C.F.R. § 416.927(d)(2).

After considering the pertinent factors, the ALJ gave "good reasons in [the] notice of determination or decision" for the weight he ultimately assigned to the opinions of Doctors Roston and Rosen, *id.*, and the district court did not err by affirming the ALJ's decision to discount their opinions. *See also Bernal v. Bowen*, 851 F.2d 297, 301 (10th Cir. 1988) (explaining that claimant's diagnosis

of major depression "does not automatically mean that he is disabled");

*Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1029 (10th Cir. 1994) (observing that treating physician's opinion that claimant is totally disabled is not dispositive because that ultimate conclusion is reserved to the Commissioner under 20 C.F.R. § 416.927(e)).

The third issue Mr. Alderete raises on appeal is that the district court committed reversible error in affirming the ALJ's use of the grids, because that use was contrary to the evidence and contrary to law. Specifically, Mr. Alderete contends that the grids should not have been applied because he suffers from a "mental impairment" that affects his "functioning." Aplt. Opening Br. at 25. Generally speaking, the grids may not be used conclusively if the claimant has nonexertional impairments that limit the ability to do the full range of work within a strength classification. *Thompson v. Sullivan*, 987 F.2d 1482, 1488 (10th Cir. 1993). But "[t]he mere presence of a nonexertional impairment does not preclude reliance on the grids." *Id.* The nonexertional impairment must interfere with the claimant's ability to work. *Id.* In this case, the ALJ found, in essence, that absent drug use, Mr. Alderete's remaining impairments, if any, would not affect his ability to work. Mr. Alderete does not offer record evidence to the contrary, and the district court did not err in upholding the ALJ's application of the grids. *See Eggleston v. Bowen*, 851 F.2d 1244, 1247 (10th Cir. 1988) (stating

that presence of a nonexertional impairment does not preclude use of the grids if nonexertional impairment does not further limit claimant's ability to perform work).

Finally, Mr. Alderete contends that the ALJ acted in contravention of Social Security Ruling 85-15, 1985 WL 56857 (1985), by concluding that Mr. Alderete could perform simple, unskilled work across all exertional levels. This is a new theory that Mr. Alderete failed to raise in the district court, and we decline to consider it. *See Okland Oil Co. v. Conoco Inc.*, 144 F.3d 1308, 1314 n.4 (10th Cir. 1998) ("We have consistently rejected the argument that raising a related theory below is sufficient to preserve an issue for appeal."); *Tele-Communications, Inc. v. Comm'r*, 104 F.3d 1229, 1233 (10th Cir. 1997) (observing that "an issue must be presented to, considered and decided by the [district] court before it can be raised on appeal" (quotation and brackets omitted)).

The judgment of the district court is AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

-10-