FILED
United States Court of Appeals
Tenth Circuit

December 5, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

NANCY VELASQUEZ,

      Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant-Appellee.

No. 08-2091
(D.C. No. 1:07-CV-00010-DJS)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HOLMES**, **ANDERSON**, and **BALDOCK**, Circuit Judges.

---

Claimant Nancy Velasquez appeals pro se from an order of the district

court affirming the Commissioner's denial of disability insurance benefits. The

district court had previously remanded the case to the agency, and an

Administrative Law Judge (ALJ), after a second hearing, concluded at step five of

the five-step sequential evaluation process, *see* 20 C.F.R. § 404.1520; *Williams v.*

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

*Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (explaining the five-step process), that Ms. Velasquez was not disabled. The Appeals Council denied review, and then a magistrate judge acting with the consent of the parties affirmed the ALJ's decision. Now on appeal, Ms. Velasquez asserts that she cannot find gainful employment on account of her advancing age and poor health. The Commissioner counters that because Ms. Velasquez never raised these issues in the district court, they are waived. The Commissioner further contends that the issues she did argue in the district court are likewise waived, because they are not now presented on appeal. We have jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291, and we agree that Ms. Velasquez has waived her arguments.

Ordinarily, we review the Commissioner's decision to determine whether the factual findings are supported by substantial evidence and whether the correct legal standards were applied. *See Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). Here, however, Ms. Velasquez has failed to properly preserve any issues for our review. "The scope of our review . . . is limited to the issues the claimant properly preserves in the district court and adequately presents on appeal." *Berna v. Chater*, 101 F.3d 631, 632 (10th Cir. 1996). If a claimant fails to present an issue to the district court, the issue is waived unless compelling reasons dictate that the waiver be excused. *See Crow v. Shalala*, 40 F.3d 323, 324 (10th Cir. 1994). Similarly, an issue the claimant fails to present to this court

is generally deemed abandoned or waived. *See Tran v. Trustees of the State Colls. in Colo.*, 355 F.3d 1263, 1266 (10th Cir. 2004).

In her brief, Ms. Velasquez asks that we grant her benefits because the district court failed to consider her chances of finding a job given her age and health. Because this argument was not presented to the district court, it is waived. Moreover, even if waiver principles did not preclude our consideration of this argument, the limited extent of our authority to review the Commissioner's decision would. The purpose of an appeal is limited to ensuring that the correct legal standards were applied and that the factual findings are supported by substantial evidence. *See Andrade v. Sec'y of Health & Human Servs.*, 985 F.2d 1045, 1047 (10th Cir. 1993). Ms. Velasquez, however, concedes that the district court made no legal errors. Instead, she simply contends the court incorrectly decided the facts, apparently by giving too little weight to her age and poor health. And she quite bluntly asks that we outright approve her benefits application. But because we neither reweigh the evidence nor retry the case, *see Grogan,* 399 F.3d at 1262, we must reject Ms. Velasquez's appellate contentions.

With regard to the issues Ms. Velasquez did raise in the district court, they, too, are waived. Ms. Velasquez argued that the ALJ incorrectly assessed her residual functional capacity, improperly relied on the vocational expert's testimony, and wrongfully discredited her subjective complaints of pain. But there is no trace of these arguments in her appellate materials. Rather,

Ms. Velasquez has taken it upon herself to file a cursory appellate brief advancing new challenges to factual determinations that we have no authority to review. While we appreciate the disadvantage to which some pro se litigants like Ms. Velasquez may be put, it is not the proper function of the courts to act as a litigant's advocate, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A pro se litigant's materials are entitled to a liberal reading, *id.*, and, consequently, "we make some allowances for the pro se [litigant's] failure to cite proper legal authority," "confusion of various legal theories," "poor syntax and sentence construction," or "unfamiliarity with pleading requirements," but "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record," *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (citations, internal quotation marks, and brackets omitted). Here, affording Ms. Velasquez the liberal reading to which her appellate materials are entitled, we are compelled to conclude that she has waived all her arguments.

Accordingly, the judgment of the district court is AFFIRMED.

Entered for the Court

Bobby R. Baldock
Circuit Judge