**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 21, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

KELLY L. KILPATRICK,

Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE, Commissioner
of Social Security Administration,

Defendant-Appellee.

No. 12-6052
(D.C. No. 5:10-CV-01063-M)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **MATHESON**, Circuit Judge, **PORFILIO**, Senior Circuit Judge, and
**BALDOCK**, Circuit Judge.

Kelly L. Kilpatrick appeals from an order of the district court affirming the

Commissioner's decision denying her application for Social Security disability and

Supplemental Security Income benefits. We affirm.

---

[*]      After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. Background

Ms. Kilpatrick filed her applications for benefits on September 14, 2007, with a protected filing date of August 29, 2007. She alleged a disability beginning on June 1, 2002, due to degenerative disc disease, kidney and liver problems, bipolar disorder, and associated problems. Benefits were denied initially and on reconsideration, and Ms. Kilpatrick requested a hearing before an administrative law judge (ALJ). Ms. Kilpatrick and a vocational expert testified at the hearing. After the hearing, the ALJ issued a decision denying benefits based on Ms. Kilpatrick's asserted impairments, as well as her obesity, which was another impairment supported by the evidence. The Appeals Council denied Ms. Kilpatrick's request for review of the ALJ's decision, making it the Commissioner's final decision.

Ms. Kilpatrick filed her complaint in the district court. The magistrate judge issued a findings and recommendation that the Commissioner's decision be affirmed. Ms. Kilpatrick filed objections to the findings and recommendation. The district court adopted the recommendation and affirmed the Commissioner's decision to deny benefits. Ms. Kilpatrick appeals.

## II. Issues and Standards of Review

"We review the district court's decision de novo and independently determine whether the ALJ's decision is free from legal error and supported by substantial evidence." *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005). "Substantiality of evidence must be based upon the record taken as a whole,"

- 2 -

*Broadbent v. Harris*, 698 F.2d 407, 412 (10th Cir. 1983) (per curiam), and "it is considered the duty of the reviewing court to meticulously examine the record," *id.* at 414. In addition, an ALJ's "[f]ailure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984) (per curiam) (internal quotation marks omitted). "In evaluating the appeal, we neither reweigh the evidence nor substitute our judgment for that of the agency." *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991).

Ms. Kilpatrick asserts that the ALJ: (1) failed to properly evaluate the medical evidence; and (2) failed to perform the proper analysis when determining that she had the residual functional capacity (RFC) to perform her past relevant work. She raises several more specific issues in the course of her argument.

III. Discussion

*A. Sequential Evaluation Process*

The ALJ determined that Ms. Kilpatrick was insured for Social Security disability benefits through June 30, 2003. Aplt. App., Vol. I at 13. The case was decided at step four of the five-step evaluation sequence. *See generally Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (describing five-step sequence). The ALJ found at step one that Ms. Kilpatrick had not engaged in substantial gainful activity since June 1, 2002, the alleged onset date for her Social Security disability

- 3 -

claim. Aplt. App., Vol. I at 13. The ALJ found at step two that her severe impairments were degenerative disc disease and obesity. *Id.* He further found that her kidney and liver problems did not cause any work-related limitations and were nonsevere, and that her bipolar disorder did not cause more than minimal limitation in her ability to perform basic mental work activities and was also nonsevere. *Id.* at 13-14. Thus, the ALJ proceeded to evaluate the evidence at step three. *Id.* at 15-16.

The ALJ found at step three that Ms. Kilpatrick's impairments did not meet or equal any listed impairments, considering, in particular, Listing 1.04 covering disorders of the spine and § 1.00Q of the Listings requiring an evaluation of a claimant's obesity. *Id.* At step four, the ALJ found that Ms. Kilpatrick had the RFC to perform a wide range of light work because she could sit six hours a day, stand or walk six hours a day, and could lift twenty pounds occasionally and ten pounds frequently. *Id.* at 16. The ALJ further found that Ms. Kilpatrick could only occasionally stoop, crouch, crawl, kneel, balance, or climb stairs, and that she was unable to climb ladders. *Id.* Based on the vocational expert's testimony, the ALJ concluded at step four that Ms. Kilpatrick's RFC did not prevent her from performing her past work as a retail sales clerk or an insurance sales agent. *Id.* at 23-24. The ALJ did not proceed to step five. *See id.*

*B. Step Two*

Ms. Kilpatrick contends that the ALJ erred at step two by failing to properly evaluate the medical evidence and find her bipolar disorder to be a severe impairment. But our review of the record convinces us that the district court correctly concluded that she failed to point to any medical evidence showing that the ALJ erred on this point. And in any event, any alleged error would be harmless. The ALJ found at step two that Ms. Kilpatrick's degenerative disc disease and obesity were severe impairments and therefore proceeded to step three of the evaluation sequence. *Id.* at 13-16. As we previously have explained, "any error here became harmless when the ALJ reached the proper conclusion that [claimant] could not be denied benefits conclusively at step two and proceeded to the next step of the evaluation sequence." *Carpenter v. Astrue*, 537 F.3d 1264, 1266 (10th Cir. 2008).

*C. Step Four*

Several of Ms. Kilpatrick's arguments challenge the ALJ's decision at step four. "Step four of the sequential analysis . . . is comprised of three phases." *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996). "In the first phase, the ALJ must evaluate a claimant's physical and mental residual functional capacity (RFC), and in the second phase, he must determine the physical and mental demands of the claimant's past relevant work." *Id.* (citation omitted). "In the final phase, the ALJ determines whether the claimant has the ability to meet the job demands found in

phase two despite the mental and/or physical limitations found in phase one." *Id.* "At each of these phases, the ALJ must make specific findings." *Id.*

Ms. Kilpatrick argues that the ALJ failed to take her bipolar disorder into account at step four. We have held that "in determining RFC, an ALJ must 'consider the limiting effects of all [the claimant's] impairment(s), even those that are not severe[.]'" *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010) (quoting 20 C.F.R. § 404.1545(e))); *see also* 20 C.F.R. § 416.945(e); SSR 96-8p, 1996 WL 374184, at *5. But Ms. Kilpatrick did not raise this issue in the district court, and it is therefore waived on appeal. *See Berna v. Chater*, 101 F.3d 631, 632-33 (10th Cir. 1996).

Ms. Kilpatrick also argues that the ALJ failed to follow the treating physician rule, improperly rejecting the opinion of her orthopedist, Harvey C. Jenkins, Ph.D., M.D., concerning her functional restrictions. She was referred to Dr. Jenkins at Aria Orthopedics, LLC, by Central Oklahoma Family Medical Center for treatment and pain management for her lumbar spine problem, Aplt. App., Vol. II at 440, and was treated regularly by Dr. Jenkins from September 2008 until at least June 2009, shortly before the administrative hearing, *id.* at 339-43, 351-57, 365-93. On June 2, 2009, Dr. Jenkins completed a Medical Source Statement indicating that Ms. Kilpatrick could not sit, stand, or walk for more than an hour in an eight-hour day, could not lift ten pounds frequently or occasionally, and had other restrictions as

well.  *Id.* at 365-66.  His opinion negates Ms. Kilpatrick's ability to work, but the ALJ gave it no weight, determining that she had the RFC for light work.

Ms. Kilpatrick argues that the ALJ improperly failed to give Dr. Jenkins' Medical Source Statement controlling weight, improperly failed to recontact Dr. Jenkins for more information before rejecting his opinion, and failed to weigh and balance the evidence in light of the regulatory factors before he determined that Dr. Jenkins' opinion was entitled to no weight.  As to the first two points, the regulations applicable at the time of the ALJ's decision stated:

> "We will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques."

*Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004) (per curiam) (quoting 20 C.F.R. §§ 404.1512(e)(1) and 416.912(e)(1)).  But we have found it unnecessary to remand for the ALJ to recontact a treating physician when the ALJ found the evidence adequate for consideration but disagreed with the physician's opinion about the claimant's restrictions and gave valid reasons for rejecting it.  *See White v. Barnhart*, 287 F.3d 903, 907-09 (10th Cir. 2001).

Ms. Kilpatrick argues that the ALJ incorrectly rejected Dr. Jenkins' Medical Source Statement because Dr. Jenkins indicated that her restrictions applied beginning in 2002, long before he began treating her in September 2008.  Aplt. App., Vol. I at 21; *id.*, Vol. II at 366.  She points to Social Security Ruling 83-20, 1983 WL

31249, at \*3, which calls for an ALJ to consult a medical advisor for assistance if a claimant's onset date must be inferred from the medical evidence. But even if SSR 83-20 applies to a doctor's Medical Source Statement, a question we need not decide now, Ms. Kilpatrick fails to address the requirement in the ruling that an inferred onset date "must have a legitimate medical basis." *Id.* In particular, she fails to explain how Dr. Jenkins' statement establishes such a legitimate medical basis for the years before he began treating her, considering that no explanation appears on the statement. As a result, we find no error in the ALJ's rejection of Dr. Jenkins' opinion for this reason. Ms. Kilpatrick also argues on appeal that the ALJ incorrectly criticized Dr. Jenkins' opinion because he did not refer her to a pain management clinic, failing to understand that he was her pain management doctor. But she did not raise this issue in the district court, so it is waived on appeal. *See Berna*, 101 F.3d at 632-33.

Ms. Kilpatrick makes no other arguments challenging the ALJ's expressed reasons for not giving Dr. Jenkins' opinion controlling weight. As a result, we presume that the ALJ's reasons for not giving Dr. Jenkins' opinion controlling weight are valid, and we decline to remand for the ALJ to recontact Dr. Jenkins for more information. *See White*, 287 F.3d at 907-09.

Ms. Kilpatrick also argues that the ALJ failed to evaluate Dr. Jenkins' opinion under the required factors before deciding to give it no weight. When an ALJ decides not to give a treating physician's opinion controlling weight, he must decide

what weight to give it, using all of the factors in 20 C.F.R. §§ 404.1527(d)(2)-(6) and 416.927(d)(2)-(6), as they were numbered prior to the revisions enacted in March of 2012. *See Goatcher v. U.S. Dep't of Health & Human Servs.*, 52 F.3d 288, 290 (10th Cir. 1995).

> [T]he ALJ must consider the following specific factors to determine what weight to give any medical opinion: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Id.* (quoting § 404.1527(d)(2)-(6) (1995)).

In this case, the ALJ specifically mentioned the requirement to consider these factors in his decision, Aplt. App., Vol. I at 16, 20, and he listed them at the outset of his analysis of Dr. Jenkins' opinion, specifically noting that he was required to consider them, *id.* at 21. The record shows that Ms. Kilpatrick had an x-ray taken in March 2000 that showed disc space narrowing in the lumbar spine. *Id.*, Vol. II at 277. The ALJ noted that she apparently next complained to a doctor about lumbar pain in June 2004. *Id.*, Vol. I at 17. The ALJ commented throughout his review on the lack of evidence from any other doctor to support Dr. Jenkins' opinion that Ms. Kilpatrick had suffered disabling pain since 2002, *see id.* at 17-19.

The ALJ noted that Dr. Jenkins' opinion was supported by the frequency of his examinations and because he was a specialist. *Id.* at 21. But the ALJ also noted that

- 9 -

Dr. Jenkins had treated Ms. Kilpatrick for less than a year, so "length of treatment is lacking," and Dr. Jenkins' opinion was inconsistent with the record as a whole and lacked relevant evidentiary support. *Id.* Dr. Jenkins' physical examinations "demonstrated only moderate spasm with grossly neurologically intact functioning," the prescribed pain medication, including steroid injections, "helped with claimant's pain," and "surgery had not been recommended." *Id.* (internal quotation marks omitted). In addition, the MRI obtained by Dr. Jenkins in 2008 showed "degenerative changes and disc protrusions, but no evidence of significant central spinal canal stenosis." *Id.* at 23. And Ms. Kilpatrick presented "no medical evidence of bed sores, muscle atrophy, muscle wasting," and the like to support her claimed level of inactivity. *Id.* We conclude that the ALJ's analysis of the required factors in this case was sufficient.

Finally, Ms. Kilpatrick also argues that her past jobs as a retail sales clerk do not constitute past relevant work under the regulations because she did not earn enough money at any of them. We conclude that this issue is moot. The ALJ found that Ms. Kilpatrick could perform her past work as an insurance sales agent as well as a retail sales clerk, and she does not challenge the ALJ's alternative finding. We have held that a social security disability claimant cannot be successful on appeal, regardless of the merits of the issues raised, if she fails to challenge a finding that is sufficient by itself to support the denial of benefits. *Murrell v. Shalala*, 43 F.3d 1388, 1389-90 (10th Cir. 1994).

The judgment of the district court is AFFIRMED.

Entered for the Court


John C. Porfilio
Senior Circuit Judge